## GRANTZ v. CITY OF DEADWOOD.

When a party moves for a new trial on the ground of misconduct of a jury, he must aver and show affirmatively that both he and his counsel were ignorant of the misconduct until after the trial.

Where the evidence is not contained in the record on appeal, the instructions will be presumed to be correct unless wrong under any state of facts which might have been proven on the trial.

Where the giving of certain instructions is complained of on appeal, but the record does not contain the evidence nor the other instructions, those alleged to be erroneous cannot be reviewed, unless it appears that they were the only ones asked or given upon the particular point to which they relate.

(Opinion filed, May 9, 1906.)

Appeal from Circuit Court, Lawrence County. Hon. Levi Mc-Gee, Judge.

Action by Christina Grantz against the city of ' Deadwood. From a judgment for defendant, plaintiff appeals. Affirmed.

*Hayes & Baker* and *N. T. Mason,* for appellant. *John R. Russell* and *W. H. Parker,* for respondent.

HANEY, J.  This is an action to recover·for personal injuries caused by defendant's alleged failure to keep a sidewalk in repair. A verdict having been..returned in favor of the defendant and judgment entered thereon, the plaintiff moved for a new trial upon the· following grounds affecting her substantial rights: (1) Irregularities in the proceedings of the jury by which she was prevented from having a fair trial; (2) misconduct of the jury; and, (3) errors in law occurring at the trial excepted to by the plaintiff.. She ·appealed from the judgment, and from the order denying her· motion for a new trial.

It is undisputed that during the noon recess on the last day of the trial two jurors visited the locality of the accident, inquired for,. and were shown the place where it occurred.  When the condition· of the locus in quo is material an unauthorized view requires a new· trial unless it is clear that the misconduct could not have influenced· the verdict.  12 Ency. Pl. & Pr. 588.  But when a party moves for· a new trial on this ground, he must aver and show affirmatively that both he and his counsel were ignorant of the misconduct charged until after the trial.  Id. 558; ·Wynn v. Ry. Co., 17 S. E. 649; Peterson v. Skjelver, 43 Neb. 663, 62 N. W. 43; Fifth Ave. Savings Bank v. Cooper, 48 N. E. 236; Grottkau v. State, 70 Wis. 462. 36 N. W. 31.  John Baker, who directed the jurors to the locus in quo, was the father of one of plaintiff's attorneys.  The

trial was being conducted in Deadwood where the accident occurred. The plaintiff states in her affidavit that she had no knowledge or information concerning the misconduct of the jurors until after the verdict was rendered. Baker is silent on the subject. So are the plaintiff's attorneys. Nothing appears to negative the reasonable inference that Baker would at once inform his son of what had taken place. Notice to her attorneys was notice to the plaintiff. If they knew of what was done they immediately should have informed the court. They may have deemed an inspection of the walk advantageous to the interests of their client. If so they should be bound by their election. In any event they must be deemed to have waived the irregularity in the absence of an affirmative showing that it was unknown to them until after the verdict was returned.

The alleged errors at law occurring at the trial relate to certain instructions given as requested by the defendant. Respondent contends they may not be reviewed because the testimony and entire charge are not embraced in the record. An undisputed abstract is the record upon which appeals in civil actions are heard in this court. Hill's Dak. Dig. 65. In this case none of the testimony has been printed, nor any portions of the charge, except those to which objections are made. The abstract does not purport to include the entire charge, and it is silent as to whether the portions printed were withdrawn, modified, or in any manner affected by anything appearing in the bill of exceptions. Where the evidence is not before this court the instructions will be presumed to be correct unless they are clearly wrong under any state of facts which might have been proven on the trial. Myers v. Longstaff, 14 S. D. 98, 84 N. W. 233. Hence, the alleged errors are reviewable notwithstanding the absence of the testimony. But, as each part of a charge must be construed with reference to the whole, and error is never presumed, an appellate court should not consider an isolated instruction unless it appears from the record that it was the only one asked or given on the particular point to which it relates. Cheatham v. Wilber, 1 Dak. 321, 46 N. W. 580; Arthur v. Gard, 32 Pac. 343; Renshaw v. Switzer, 13 Pac. 127; Hawley v. Zigerli,

34 N. E. 219. In Cheatham v. Wilber, supra, it was said: "As a general thing it is very difficult to determine the correctness of the ruling of the court below in giving or refusing an instruction, unless all the instructions given as well as those refused, on any one branch of the case are before us. And this, in every case, is the better practice." Such is the practice contemplated by our rules. Rule 12, instructions. So, in the absence of any statement in the abstract, which precludes the presumption that the errors, if any, committed by the learned circuit court in giving these requested instructions may have been cured by other portions of its charge, it is clear that they should not be reviewed on this appeal.

The judgment of the circuit court is affirmed.