EMMA KAUFFMAN PALMER, APPELLEE, v. THOMAS E.
PARMELE, APPELLANT.

EMMA KAUFFMAN PALMER, APPELLEE, v. THOMAS E.
PARMELE, APPELLANT: JAMES TERRYBERRY ET AL.,
APPELLANTS.

FILED DECEMBER 15, 1919.    Nos. 20963, 20964.

1. **Appeal**: ABANDONMENT. When the trial court dismisses an inter-
vener from the case, and he takes an appeal to this court, but
presents no brief, although it is alleged in the brief of opposite
counsel that there is no merit in his intervention, the intervener
will be considered to have abandoned the appeal.

2. ———: LAW OF THE CASE. When the principal matters are de-
termined by this court upon appeal, and specific questions are re-
ferred to the trial court for trial, the issues so determined become
the law of the case as against the parties to the former appeal.

3. ———: INSTRUCTIONS. In such case the trial court should state
the law in his instructions to the jury as so determined by this
court, and, if he should state a wrong reason for so doing, that
would not necessarily render such instruction erroneous.

4. ———: AFFIDAVIT: EVIDENCE. An affidavit filed in support of a
motion for new trial in the district court will not be evidence of
rulings of the court in the trial or in the proceedings preparatory
for the trial.

5. **Witnesses**: COMPETENCY. A plaintiff who derived title from a de-
cedent is a competent witness as to that title against a defendant
who denies her right. If other parties intervene in the action,
claiming as representatives of the deceased, against whom the
plaintiff would not be allowed to testify as to transactions with
the deceased, such testimony would be competent as against the
defendant upon his sole appeal.

6. **Appeal**: INSTRUCTION. An instruction that might be erroneous and
prejudicial to the plaintiff will not require a reversal on appeal
of the party not prejudiced thereby.

7. **Trial**: AFFIDAVIT OF JUROR: EVIDENCE. An affidavit of a juror as to
what items the jury allowed or disallowed in computing the
amount due, or what the jury believed they had a right to do under
the instructions, is incompetent. Such matters are commonly held
to inhere in the verdict.

APPEAL from the district court for Cass county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*Jesse L. Root, C. A. Rawls* and *W. A. Robertson,* for appellants.

*D. O. Dwyer* and *Brogan, Ellick & Raymond,* contra.

SEDGWICK, J.

When this case was in this court upon a second appeal, 101 Neb. 691, 695, the issues presented were determined upon the record then presented, with the exception of two questions, which were reserved and referred to the trial court for a new trial. These two questions were "the value of these bonds less the amount loaned thereon and not returned," and "whether there were deductions made from the $50,000 purchase price, and so ascertain the net amount received by the Norfolk company, and compute the proportion that should have been applied upon these bonds accordingly." When the case was returned to the district court, Peter Volk and others, claiming to be the heirs at law of the deceased, William Volk, were allowed to intervene, presumably upon suitable terms, and they alleged that they were entitled to an interest in the bonds in question, and the case appears to have been tried upon the theory that these interveners had presented issues against both the plaintiff and the defendant. The trial resulted in a verdict and judgment in favor of the plaintiff, and against the defendant Thomas E. Parmele in the sum of $7,415.27. From this judgment the defendant Parmele appealed to this court, and the interveners also prosecuted a separate appeal. It is suggested in the appellee's brief that, as an administrator had been appointed for the estate of William Volk, deceased, who was entitled to recover whatever assets belonged to that estate, these interveners were not entitled to any relief in this case. The trial court seems to have so held. The interveners have not presented any brief or appeared further in the case.

The interveners having abandoned their appeal, the questions for us to determine are between the plaintiff and the original defendant, Thomas E. Parmele. It would seem from some of the instructions given to the jury that the trial court, as well as the parties, has ignored the fact that only the two questions above specified were submitted to the trial court upon the last appeal, and several matters that were finally determined upon that appeal are again somewhat discussed in the present briefs.

1. The court instructed the jury: "You are therefore instructed that the plaintiff became the owner of said bonds and stock involved in this action on the 7th day of January, 1911." This instruction was correct, as that question was disposed of on the former appeal, and was not submitted for further trial. The fact that the trial court gave a wrong reason for the instruction would be immaterial.

2. It is complained that the trial court ruled "that appellant and interveners combined should have but three challenges." It is not necessary to determine whether such ruling would be erroneous in an action of this kind, because the question is not presented by the record. After the verdict and judgment there was an affidavit filed upon a motion for a new trial, reciting that the court made such a ruling, and that "at said time the jurors had all been examined for cause, and three of the jurors had been excused for cause, and there remained in the box sixteen jurors; the plaintiff exercised but one challenge and waived the other two challenges; the defendant exercised two challenges and the interveners one challenge, and there remained twelve men in the box; the said jurors were then sworn to try said cause; that, if the court had permitted the defendant to have exercised three challenges, counsel for defendant would have peremptorily challenged another of the jurors, and thereby would have excused one of the jurors who participated in the trial of said cause." It appears from the record

that the practice in the trial court in calling jurors for examination on their *voir dire* was similar to that mentioned in *Koran v. Cudahy Packing Co.*, 100 Neb. 693. The record of the trial itself must show how such questions were presented to the trial court, and show with accuracy his ruling thereon. An affidavit filed after the verdict and judgment is not sufficient to present such questions to this court for review. *Chicago, B. & Q. R. Co. v. Kellogg*, 54 Neb. 127. This ruling was examined with care upon rehearing, 55 Neb. 752, and adhered to, and was later re-affirmed in *Hamblin v. State*, 81 Neb. 148. The defendant has not in his brief referred to any part of this very voluminous record containing such ruling of the trial court.

3. If the collateral heirs of William Volk could be said to be the representatives of the deceased, that is, if they instead of the administrator were the proper party to intervene, the competency of the plaintiff to testify upon the issues so presented would be questionable, but as between the plaintiff and the defendant Parmele it cannot be said that the defendant was the representative of the deceased, and on that issue the plaintiff would be competent to testify. Therefore there was no prejudicial error as against this appellant in the court's ruling allowing her testimony.

4. The defendant Parmele was asked whether he had any business transactions with William Volk after the bonds and stock were deposited with him. This was objected to on the ground that the representative of the deceased was the adverse party. This was a transaction directly between the defendant and the deceased, and was incompetent. If it is true that the court allowed other similar evidence, such ruling may have been erroneously prejudicial to the plaintiff, but would not justify a continuance of erroneous rulings. The witness was allowed to testify to facts within his knowledge affecting the amount properly chargeable by the bank or the defendant against these bonds.

5. The instructions of the court as to the value of the bonds, and as to the burden of proof on the question of the defendant's converting the bonds, and that the bonds were held by the bank as collateral security were not prejudicial to this appellant, since those questions were not submitted for trial, but were determined upon the former appeal.

An affidavit of a juror as to what items the jury allowed or disallowed in computing the amount due, or what the jury believed they had a right to do under the instructions, is incompetent. Such matters are commonly held to inhere in the verdict.

Many instructions were offered by defendant and refused by the court, but, so far as they were correct and applicable to the issues to be submitted to the jury as determined by this court upon the former appeal, they were unnecessary because of the instructions given.

The principal question of difficulty is whether the evidence supports the verdict. The records, including bills of exceptions of the two former trials and the brief in this court, are attached to the bill of exceptions, and appear to have been allowed by the trial court as a part of the bill of exceptions in this case. Apparently some, but not all, of these records and briefs were actually received in evidence by the trial court. It appears that the defendant Parmele traded the stock and bonds to William Volk for a farm, and these securities were left with defendant and his bank for safe-keeping, and to maintain the credit of Volk with the bank and defendant. Many transactions both before and after this exchange appear to be involved in determining the liabilities chargeable against these bonds. The pleadings of the parties in the various stages of this litigation indicate changes of position as to the issues. There is conflict in the evidence, some of which on important matters is of a doubtful character. The methods pursued by both parties on the trial, together with the great mass of evidence introduced by them, not only on the issues submitted by

this court on the former appeal, but on various irrelevant matters, helped to complicate the questions presented to the jury. So far as we can ascertain from the record, the jury had delicate and very complicated questions to solve, and we cannot say that the verdict is so clearly wrong as to require a reversal.

The judgment of the district court is

AFFIRMED.

LETTON and ALDRICH, JJ., not sitting.