ELFERT, Appellant, v. WITT, Respondent

(38 N. W.2d 445.)

(File No. 9033. Opinion filed July 19, 1949)

**T. R. Johnson, P. O. Schiager,** Sioux Falls, for Plaintiff and Appellant.

**Davenport, Evans & Hurwitz, Robert C. Heege,** Sioux Falls, for Defendant and Respondent.

ROBERTS, J. This action was commenced by plaintiff to recover for personal injuries sustained by her while riding as a guest in an automobile driven by the defendant. Plaintiff appeals from a judgment entered on the verdict rendered in favor of the defendant and after denial of a motion for a new trial.

Plaintiff at the time of the accident was riding in the front seat with defendant and defendant's wife. They left Holstein, Iowa, for Sioux Falls, South Dakota, early Sunday morning, January 18, 1948. The weather was cold and blustery and there was some disucussion about turning back on account of the weather. Defendant concluded not to turn back unless the storm became worse. When they were proceeding through the town of Rowena, South Dakota, on U. S. highway 38 the car left the highway and struck a tree. Defendant asserted that there was no ice on the traveled portion of the road through Rowena, but other witnesses testified that there were patches of ice and that there was some snow on the pavement. Defendant claims that when he saw a car approaching from the opposite direction

at a high rate of speed, he turned out on the north shoulder of the highway and that his car "went into a skid". Plaintiff testified that when they saw the other car defendant traveling between sixty and sixty-five miles an hour applied his brakes and caused his car to skid and leave the highway and that after defendant applied his brakes the speedometer indicated a speed of forty-five miles an hour. Plaintiff as a result of the accident sustained serious injuries.

This case comes within the provisions of the guest statute, SDC 44.0362, which reads as follows: "No person transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been caused by the willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such willful and wanton misconduct contributed to the injury, death, or loss for which the action is brought; and no person so transported shall have such cause of action if he has wilfully or by want of ordinary care brought the injury upon himself."

Proof of willful and wanton misconduct depends upon the facts of each particular case. It means, however, something different from and more than negligence. The statute intends that in such a case the thing done by a defendant must amount to misconduct as distinguished from mere negligence and that this misconduct must be willful and wanton within the meaning of this statute. In Granflaten v. Rohde, 66 S. D. 335, 283 N. W. 153, quoting with approval from the case of Melby v. Anderson, 64 S. D. 249, 266 N. W. 135, 137, this court interpreted the statute as follows: "The words 'gross negligence' are, for practical purposes, substantially synonymous with the phrase 'wilful and wanton misconduct.' Willful and wanton misconduct (and gross negligence as it is employed in this statute) means something more than negligence. They describe conduct which transcends negligence and is different in kind and characteristics. They describe conduct which partakes to some appreciable extent, though not entirely, of the na-

ture of a deliberate and intentional wrong. To bring the conduct of the defendant within the prohibition of this statute the jury must find as a fact that defendant intentionally did something in the operation of a motor vehicle which he should not have done or intentionally failed to do something which he should have done under such circumstances that it can be said that he consciously realized that his conduct would in all probability (as distinguished from possibly) produce the precise result which it did produce and would bring harm to the plaintiff."

 Plaintiff contends that the evidence is insufficient to sustain the verdict and that therefore the trial court erred in denying her motion for a new trial. She asserts that there was no evidence contradicting or tending to contradict her testimony and not being inherently improbable, her testimony could not be rejected by the jury. Defendant, however, contends that the evidence does not show willful and wanton misconduct on his part and would not have sustained a verdict against him if such a verdict had been returned and hence the errors asserted by plaintiff cannot be regarded as prejudicial and grounds for reversal. As we view the record, there was an abundance of evidence to sustain the jury's finding. The evidence was in conflict with respect to the speed of the automobile, the condition of the highway and other factors. The jury was not required to accept plaintiff's version as to how the accident occurred.

 It is contended that the court erred in refusing to give plaintiff's proposed instructions Nos. 2, 3, 5, 7 and 8. By these refused instructions the jury would have been advised that "willful misconduct". means intentional wrongful conduct, done either with knowledge or with a wanton and reckless disregard of possible results; that it was not necessary that plaintiff prove her case by direct evidence; that to create liability under the statute there must be knowledge of a situation requiring the exercise of care, the ability to avoid the resulting harm, and the omission to use care to avoid threatened danger; that the protest of a passenger, though not evidence of negligence, may have a bearing upon the state of mind of a driver; and that excess-

ive speed of and by itself is not sufficient to support a finding of ·willful misconduct, but considered with other circumstances may show misconduct. On authority of decisions cited in her brief, plaintiff claims that it was error not to give such instructions. These instructions might well have been given, but from an examination of the record herein we believe that the court fully and fairly instructed the jury on all the issues presented by the evidence. The jury was instructed that plaintiff was being transported in defendant's car as a guest and that the jury could render verdict against defendant only after it found as a matter of fact that defendant was guilty of willful and wanton misconduct and that the same proximately contributed to plaintiff's injuries. The court then gave a definition of the term "willful and wanton misconduct" as laid down in the decisions of this court. We do not believe that the jury could have been deceived by a failure to give more explicit instructions. The refusal of these requested instructions was not therefore erroneous.

█ Plaintiff complains of the refusal of the court to give her requested instructions Nos. 9 and 11. By these instructions the jury would have been instructed upon the duty of a person confronted with an emergency and as to restrictions upon the speed of a motor vehicle driven within the corporate limits of a town which has intersecting streets and no electrically controlled signaling devices. These proposed instructions would have measured the required standard of defendant driver's conduct on the basis of what should be apparent to the ordinarily careful and prudent driver. These rules would apply to negligent cases, but have nothing to do with willful and wanton misconduct which is something more than negligence.

█ Trial was suspended from a Tuesday ·until the following Friday because of the illness of a juror. The refusal of the court to proceed with the trial of the case with eleven jurors is assigned. as error. SDC 33.1326 provides that in case of the illness of a juror "the trial may. proceed with the other jurors ˌif the parties so agree." It appears from the record that defendant would not agree to try the case to

eleven jurors. Plaintiff then moved that "the case be adjourned until the juror Doyle may be present." There was an adjournment until the following Friday and the trial was then resumed. Plaintiff having moved to adjourn the case is not now in position to complain.

It appears from the affidavit of the foreman of the jury filed in support of motion for new trial that during the progress of the trial and without the consent of the court and knowledge of either party he went to Rowena and made an inspection of the scene of the accident. It is claimed that the unauthorized view of the locus in quo vitiated the verdict and required the granting of a new trial.

■ Defendant relies upon the well established rule that affidavits of jurors are inadmissible to impeach their own verdict. Brown v. Draeger, 51 S. D. 190, 212 N. W. 869; Saunders v. F. & M. National Bank, 61 S. D. 261, 248 N. W. 250; Kredit v. Ryan, 68 S. D. 271, 1 N. W.2d 813. There are decisions to the effect that this rule does not prohibit such proof in case of an unauthorized view or of other misconduct of a juror during the progress of a trial outside of the jury room. Twaddle v. Mendenhall, 80 Minn. 177, 83 N. W. 135; Litz v. Harman, 151 Va. 363, 144 S. E. 477; Schneider v. Moe, 151 Or. 353, 50 P.2d 577. We may assume, without so deciding, that this rule does not prohibit proof of an unauthorized view by affidavit of a juror.

■ The fact that an unauthorized view is made by a juror during the progress of a trial does not require a new trial or indicate an abuse of discretion upon the part of the court in denying a new trial unless it appears that the verdict was affected thereby. Grantz v. City of Deadwood, 20 S. D. 495, 107 N. W. 832; see also 39 Am. Jur., New Trial, § 78. Much must be left to the judgment of the trial court in determining whether or not misconduct warrants a new trial. Photographs of the place of the accident were before the jury and though there was dispute in the evidence as to the presence of ice and snow on the traveled portion of the highway there was no conflict as to the physical surroundings viewed by the juror. We do not think that the

misconduct of the juror was prejudicial and find no reason for disturbing the finding of the trial court.

The judgment appealed from is affirmed.

All the Judges concur.