LYLE KUBO, APPELLANT, V. DONALD FISH, APPELLEE.

40 N. W. 2d 270

Filed December 22, 1949. No. 32660.

*Charles A. Fisher,* for appellant.

*Edwin D. Crites* and *Albert W. Crites,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for damages growing out of a collision between a truck belonging to the defendant and a farm tractor belonging to the plaintiff. At the conclusion of plaintiff's evidence the trial court directed a verdict for the defendant and the plaintiff appeals.

Plaintiff was the owner of a 1930 model Case tractor which was approximately seven feet in length and seven feet in width at its widest point, the widest point being the distance between the two rear wheels. It was equipped with rubber tires and was being used in general farming operations. On April 15, 1946, the trac-

tor was being operated by one Reeves, an employee of plaintiff, in plowing a field along the highway on which the collision occurred. About noon, Reeves left the field with the tractor, entered the highway from a private drive, and was struck by defendant's truck. The evidence shows that Reeves opened the gate in the fence along the highway, drove the tractor through the gate, closed the gate, and drove onto the highway. Reeves testifies that after he closed the gate he looked to the south, saw no vehicle approaching, got on the tractor, and drove onto the highway without again looking.

The evidence shows that the road was a county highway. It was graded up so that it had an ordinary traveling surface of 24 feet. Along the east edge of the graded portion of the road, however, was a windrow of gravel occupying about five feet of the road. This left the portion of the highway which could be used for travel with a width of 19 feet.

Reeves drove the tractor onto the road and turned to the south. Just as he was completing the turn and straightening out the tractor to proceed south, the tractor was struck on its right rear wheel by the box on defendant's truck, causing the damage of which plaintiff complains. Reeves says he did not see the truck until just before the collision and that he did not have time to open the throttle or throw the clutch out of gear before the accident happened. Reeves was unable to estimate the speed of the truck except that it was going "pretty fast."

Reeves testifies that he could see more than 400 feet up the incline in the direction from which the truck was coming. A disinterested witness testifies for plaintiff that by actual measurement one could see in excess of 435 feet. Reeves says the tractor was in second gear and moved at about three miles an hour. After the accident the right rear wheel of the truck was four feet from the west edge of the traveled part of the highway. The left wheel was consequently 11 feet from the west

edge of the highway and eight feet from the windrow of gravel along the east portion of the road. It is clear that the left rear wheel of the tractor had been farther to the east in making the arc in turning south. The evidence does not show how far it had gone to the east. The truck turned to the left just before the collision, struck the right rear wheel of the tractor, and entered the ditch along the west side of the road. A heavy oil spot marked the position of the tractor after the collision, it being located from 20 to 25 feet south of the private road and seven or eight feet from the west edge of the graded surface of the road. The evidence also shows that when the truck struck the right rear wheel of the tractor it threw the front of the tractor to the west into the side of defendant's truck. There is no evidence in the record as to the speed of defendant's truck as it approached the scene of the collision.

The applicable rule of the road is contained in section 39-752, R. S. 1943, which provides in part: "The driver of a vehicle entering a public highway from a private road or drive shall yield the right of way to all vehicles approaching on such public highway."

This court has held that a driver of a vehicle on a public highway who is traveling at a reasonable rate of speed has the right-of-way over vehicles entering the highway from a private road. Such driver is not required to slow down or stop upon the appearance of such other vehicle until it reasonably appears that its driver is not going to yield the right-of-way. Klaus v. Soloman Valley Stage Lines Co., 130 Neb. 325, 264 N. W. 747.

The evidence offered by the plaintiff in this case shows that after Reeves drove through the gate he closed it and, before mounting the tractor, he looked for approaching cars and saw none. He thereupon drove the tractor into the traveled portion of the highway without again looking. He admits that he could have seen a vehicle approaching from the south for 400 feet. The record shows, however, that by actual measurement he

could see a vehicle approaching from the south for more than 435 feet. Reeves testifies positively that he never saw the truck until the instant before it struck his tractor. He testifies that he would not have driven the tractor onto the road if he had seen the truck "because I looked before I got on the tractor, but by the time I got on and started up he was coming over the hill, down the hill." This statement confirms the other evidence adduced that the truck must have been within Reeves' range of vision when the tractor was driven onto the highway. Reeves says that the accident happened immediately after he started on the highway. He admits he did not look when he entered the highway. If he had looked he would have seen the truck approaching. His own estimate of the situation is in accord with this statement. It is clear that the proximate cause of the accident was the negligence of Reeves in failing to look before entering the traveled portion of the highway. Bergendahl v. Rabeler, 133 Neb. 699, 276 N. W. 673. His negligence bars a recovery in this action and the trial court was right in so concluding.

Plaintiff urges that even if Reeves was negligent in entering the highway as he did, the doctrine of the last clear chance applies. This contention must fail for two reasons. First, no such issue was raised by the pleadings and, second, the negligence of Reeves was continuous and active to the very time of the accident. Whitehouse v. Thompson, 150 Neb. 370, 34 N. W. 2d 385; Trumbley v. Moore, 151 Neb. 780, 39 N. W. 2d 613.

AFFIRMED.