HAROLD KOHRT, APPELLEE, v. JAMES B. HAMMOND, APPELLANT.

70 N. W. 2d 102

Filed May 6, 1955. No. 33689.

Chambers, Holland & Groth, John R. Dudgeon, and Brogan & Brogan, for appellant.

Deutsch & Jewell, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for damages for injuries sustained in an automobile collision. The jury returned a verdict for the plaintiff in the amount of $10,663.56 and judgment was entered thereon for such amount. The defendant appeals.

The accident occurred on December 29, 1951, about 10:50 p. m., on U. S. Highway No. 275 about 4 miles west of Norfolk, Nebraska. The plaintiff at the time of the accident was 23 years of age. He was riding in an automobile owned and driven by Leonard Jensen. At the time of the accident Jensen was 21 years of

age. He had returned to his home at Wayne, Nebraska, to visit friends, of which plaintiff was one, before being inducted into military service. The evidence shows that Jensen drank two bottles and the plaintiff drank two or three bottles of beer in the late afternoon and evening of the accident. There is no evidence that either was intoxicated, although there is testimony that their breath smelled of intoxicating beverages. The defendant was 59 years of age and had driven out to the Henkel Service Station, near the scene of the accident, to pay a fuel oil bill. The collision occurred shortly. after he left the station on his way home.

The evidence shows that Jensen and plaintiff were traveling east toward Norfolk on U. S. Highway No. 275 at the time of the collision. The highway was paved and was spotted with ice, particularly where the trees protected it from the sun. It ran east and west and was fairly straight, although the evidence shows that there was a very slight curve that impaired one's vision in seeing cars more than 2,200 feet west of the Henkel Service Station. Such curvature is not important in this case.

The Henkel Service Station is located on the north side of U. S. Highway No. 275. The island containing three fuel pumps is about 40 feet north of the north edge of the paved highway. The service station building is about 22 feet north of the island. There is a power transmission pole 14 feet north of the highway and approximately 70 feet east of the station building. There are two mail boxes immediately south of the pole and 8 feet north of the pavement. A large truck and trailer was parked near this transmission pole. Its exact location is in dispute. Plaintiff and Jensen locate it as being parked facing the east and just north of the pole. The defendant says it was west of the pole with the front end about even with the pole. About 170 feet east of the transmission pole there was a highway bridge, 24 feet wide and 36 feet long. The

collision occurred either on or within 10 feet of the west end of the bridge.

The evidence on behalf of the plaintiff is substantially as follows: Jensen was driving his automobile in an easterly direction at a speed of 40 to 45 miles per hour. His lights were burning and his brakes were in good condition. He was traveling on the right-hand and south side of the highway. As he approached the area of the Henkel Service Station, defendant drove his car onto the pavement at a point east of the parked truck and trailer and 50 or 60 feet west of the bridge into the path of the Jensen car. Jensen states that he turned to the right in an attempt to avoid the collision, but hit defendant's car about 10 feet west of the bridge and then crashed into the bridge railing. Plaintiff was riding in the front seat with Jensen and was seriously injured by the collision. Jensen states that he applied his brakes but the icy condition of the highway made them ineffective.

The evidence in behalf of the defendant was that he had parked his automobile close to and immediately southeast of the station building, facing west. When he left, he says, he circled around from west to southeast and stopped at the north edge of the pavement. He says he looked west and saw no cars approaching. He looked east and saw the lights of cars traveling east. He testifies that his course took him west of the parked truck and that he stopped at the pavement about 40 feet west of the truck and trailer. After seeing that the highway was clear, he proceeded to enter it and to proceed to the right-hand side thereof and travel east at a speed of 15 miles per hour. His evidence is that he entered the highway at a point about 250 feet west of the bridge and that he had cleared the west end of the bridge when he was struck from the rear by the Jensen car.

The foregoing evidence presents a question of fact for a jury to determine. If, as plaintiff alleges, the de-

fendant drove his car into the path of the car in which plaintiff was riding, without taking reasonable precautions for his own safety, he was guilty of negligence. If, on the other hand, defendant entered the highway at a point 250 feet west of the bridge, as he testifies, and, seeing no approaching vehicles, proceeded east on the right-hand side of the road for a distance of approximately 250 feet and was then struck from behind by the Jensen car, the jury could properly find Jensen to be guilty of negligence and the defendant to be free thereof.

The jury evidently believed the story told by the plaintiff and his witnesses. A verdict for the plaintiff was therefore required under the following holdings of this court: A vehicle entering a public highway from a private road must yield the right-of-way to vehicles approaching on the highway. Kubo v. Fish, 152 Neb. 74, 40 N. W. 2d 270. A vehicle traveling on a highway at a reasonable and lawful rate of speed is not required to slow down or stop upon the appearance of a vehicle about to enter the highway from a private road until it reasonably appears that its driver is not going to yield the right-of-way. Kubo v. Fish, *supra*. If the driver of an automobile entering a highway from a private road looks for approaching vehicles but fails to see one which is favored over him under the rules of the road, he is guilty of negligence. The duty to look for approaching vehicles implies the duty to see that which is in plain sight. Dale v. Omaha & C. B. St. Ry. Co., 154 Neb. 434, 48 N. W. 2d 380.

The defendant urges that the trial court erred in submitting issues of negligence to the jury upon which there was no evidence. We find no prejudicial error in the record in this respect.

Defendant asserts that the trial court erred in failing to instruct the jury what its verdict should be if the evidence was evenly balanced. This court has held the rule to be: An instruction, which correctly· ad-

vises the jury that the plaintiff must prove all the material elements of his case by a preponderance of the evidence and that if it fails to so establish any one of them the verdict should be for the defendant, is not erroneous in that it fails to inform the jury as to what the verdict should be if the evidence was evenly balanced. Danner v. Walters, 154 Neb. 506, 48 N. W. 2d 635; Kristufek v. Rapp, 154 Neb. 343, 47 N. W. 2d 923.

Defendant contends that a new trial should have been granted because of misconduct of the jury. There is evidence by affidavit that one of the jurors went to the Henkel Service Station after dark and observed the distance that cars could be seen approaching. This was approximately 2½ years after the accident involved in the suit. There was no dispute in the evidence about the matters observed by this juror. We cannot say that defendant was prejudiced in the present case. It is not shown to have involved a matter in dispute, or to have influenced the jury in arriving at a verdict. The ruling of the trial court in such matters will not ordinarily be disturbed in the absence of a showing of an abuse of discretion. Phillips v. State, 157 Neb. 419, 59 N. W. 2d 598; Scherz v. Platte Valley Public Power & Irr. Dist., 151 Neb. 415, 37 N. W. 2d 721.

There is evidence by affidavit that two jurors observed the defendant driving his automobile while they were on their way home one evening of the trial. By counter-affidavits they say they merely saw the defendant turn out on the shoulder of the highway in an abundance of caution when he met a truck. This does not appear to have been communicated to the jury or to have influenced the result in any way. If it could be shown that these jurors uncovered evidence bearing upon the issues before the jury, or tending to prejudice the jury in arriving at a verdict, it would clearly have been prejudicial error under our holdings. But the affidavits indicate that the conduct of these jurors, of which complaint is made, had no part in the reaching

of a verdict by these two jurors. The test has been stated to be: Are the facts thus gained by the unofficial examination of such a character as to enable us to say on review of the record thereof that they had no part in the jurors' reaching the verdict rendered? The two jurors were not seeking information concerning any issue involved in the case. They apparently observed the defendant driving down the highway quite by accident. In any event, they saw nothing, according to their affidavits, that was prejudicial to the right of the defendant. Prejudicial error is not shown. Applicable rules governing this subject are discussed in Kelley v. Adams County, 113 Neb. 377, 203 N. W. 544, and Meyer v. Omaha & C. B. St. Ry. Co., 125 Neb. 712, 251 N. W. 841.

Complaint is made that there was talk in the jury room regarding insurance. The matter of insurance is not ordinarily relevant to the issues in this type of case. It is wholly impossible, however, to protect against the speculation and conjecture of jurors relative to this question. All have some personal information concerning it and it is too much to hope that it will not creep into a jury's discussion of the issues in this type of case. It is a matter which necessarily inheres in the verdict when it is based wholly on speculation and conjecture on the part of the jury. Affidavits of jurors may not be considered to impeach a verdict when the facts sought to be shown are such as inhere in the verdict.

We think the case was fairly tried. We find no prejudicial error in the record. The judgment should be and is affirmed.

AFFIRMED.