CARROLL, Judge.
This is an appeal by the defendants below from a judgment entered in favor of the plaintiff in an automobile accident case in which, when tried before a jury, a verdict of $50,000 was returned.
The accident occurred at about 4:30 A.M., at the intersection of Biscayne Boulevard and Northeast 79th Street in the City of Miami. The appellant Frederick Schwartz was the driver of a taxi cab owned by the appellant Ace Cab Co. The appellee Rolando Garcia was a passenger in the cab, which was transporting him to Miami International Airport. A *339 collision occurred between the taxi cab, which was proceeding west, and an automobile proceeding north on Biscayne Boulevard. The taxi cab had stopped at the intersection for a red light. When the light turned green in his favor the cab driver moved forward at a speed of 4 to 6 miles per hour. When halfway into the intersection he was struck by the car coming from his left. The latter vehicle was being driven by a woman night club entertainer on her way home. There was testimony that she was intoxicated. She was proceeding at a high rate of speed in the middle of the Boulevard. She had ignored a red light a block before, at 78th Street, and she ran through the red light at 79th Street without diminishing speed. There was a third car at the intersection on 79th Street facing east. It too had stopped for the red light and then started to pull into the intersection when the light changed to green. The driver of that car heard the noise of the car approaching from the south. He stopped and backed up, and thus avoided collision. The passenger in the taxi cab brought action for damages for his injuries against the owner and the driver of the taxi cab, and against the woman driver, Rosemarie Taylor. A nonsuit was taken as to the woman defendant.
Appellants contended the evidence did not support the verdict and that the court erred in denying the post-trial motions including one based on affidavits stating that certain of the jurors viewed the scene of the accident during the trial without permission of the trial judge. It was argued on behalf of the appellants that this constituted misconduct on the part of jurors for which a new trial should have been granted.
The facts of the case as disclosed by the record were such that the jury properly could find the driver of the taxi cab failed to observe the high degree of care owed by him as the operator of a common carrier.
The second point likewise is found to be without merit. Although it is misconduct for a juror, without court permission, to view the place where the accident occurred,[1] it is not the basis for a new trial unless shown to be prejudicial.[2] This conforms to the rule generally applied to misconduct of the jury.[3] On the record presented, it was not shown how the unauthorized view of the premises by certain of the jurors operated to the prejudice of the defendants.
Affirmed.

. Brock v. Smith, Ky.1954, 268 S.W.2d 947; Hiekerson v. Burner, 186 Va. 66, 41 S.E.2d 451; 4 Wigmore § 1166 (3rd ed. 1940); 66 O.J.S. New Trial § 54.

. Kohrt v. Hammond, 160 Neb. 347, 70 N.W.2d 102; Elfert v. Witt, 73 S.D. 4, 38 N.W.2d 445, 448-449; 4 Wigmore § 1166 (3d ed. 1940) ; 53 Am.Jur., Trial § 897; 39 Am.Jur., New Trial § 78; 66 O.J.S. New Trial § 54.

. See Gamble v. State, 44 Pla. 429, 33 So. 471, 60 L.R.A. 547; 32 Fla.Jur.. Trial § 227; 23 Fla.Jur., New Trial § 27; 66 O.J.S. New Trial § 47.