**FARMERS CO–OPERATIVE ELEVATOR ASSOCIATION NON–STOCK OF BIG SPRINGS, NEBRASKA, a Cooperative Corporation, Appellant,**

v.

**Arthur C. STRAND, Appellee.**

**Nos. 18606, 18687.**

United States Court of Appeals
Eighth Circuit.

July 25, 1967.

Rehearing Denied Aug. 23, 1967.

Certiorari Denied Dec. 18, 1967.

See 88 S.Ct. 589.

Wm. B. Craig and Frederic J. Coufal, of Craig, Coufal & Nelson, Omaha, Neb., for appellant and Crosby & Nielsen, North Platte, Neb., were with him on the brief.

James M. Knapp, Kearney, Neb., and William P. Mueller, Ogallala, Neb., for appellee and filed brief.

Before VAN OOSTERHOUT, BLACKMUN and LAY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant Farmers Co-operative Elevator Association Non-Stock of Big Springs, Nebraska,[1] in case No. 18,606 has appealed from final judgment entered May 16, 1966, upon a jury verdict for $200,000 in favor of plaintiff Arthur C. Strand for injuries sustained by a fall of over thirty feet asserted to have been proximately caused by the negligence of the defendant. In case No. 18,687, the appeal is from an order filed December 1, 1966, denying defendant's motion for relief from the judgment hereinabove described under the provisions of Rule 60(b), Fed.R.Civ.P. Jurisdiction, based upon diversity of citizenship and the requisite amount, is established.

Plaintiff Strand on October 19, 1960, the date of the accident, was an employee of Wilmac Construction Company working on a construction project on defendant's premises which was undertaken under the provisions of a cost-plus contract between Wilmac and the defendant. On the day of the accident, the defendant was engaged in conducting its usual business operations on the premises while the construction work was progressing. The trial court found as a matter of law that the defendant had at least joint control over the elevator premises at the time of the accident and such determination is not challenged on this appeal.

Plaintiff just prior to the accident had been working in the head house located some thirty feet above the floor of the elevator building. After he had completed his work for the day, about 6 p. m., he was injured while descending on a ladder leading from the head house to the ground floor. The ladder had been installed by the defendant long prior to the commencement of the construction work and defendant had authorized its use by Wilmac's employees. It was also used by defendant's own employees in connection with the elevator operation.

Plaintiff alleged that his injuries were proximately caused by defendant's negligence in the following respects: Failure to erect, construct and maintain the ladder from which plaintiff fell in a safe, suitable and proper manner as required by the statutes of Nebraska; failure to provide adequate light and ventilation; failure to exercise ordinary care to keep the premises in a reasonably safe condition; failure to exercise reasonable precaution for plaintiff's safety and the creation of a hazardous condition by the operation of the elevator while the construction work was in progress.

Defendant admitted the happening of the accident, denied all allegations of negligence on its part, and affirmatively alleged contributory negligence on the part of the plaintiff which was more than slight, and assumption of risk.

Errors relied upon by defendant for reversal of the judgment may be summarized as follows:

I. Denial of defendant's timely motion for directed verdict made at the close of all the evidence and its motion for judgment n. o. v.

II. Refusal of the trial court to give a requested assumption of risk instruction and giving instead an instruction to the effect that assumption of risk is not an issue in the case.

III. Refusal of the court to grant a new trial upon the basis of a juror's affidavit asserting misconduct of the jury in the jury room, and refusal to summon jurors for interrogation with respect to the asserted misconduct.

IV. Denial of defendant's Rule 60(b) motion.

1. Plaintiff's employer, Wilmac Construction Company, and its workmen's compensation insurance carrier, American Mutual Liability Insurance Company, have been made parties defendant in this action because of subrogation rights based upon workmen's compensation payments made to plaintiff. No issue is pending on these appeals with respect to such defendants. For convenience and simplicity, we will in this opinion treat the defendant Farmers Co-operative Elevator Association as the sole defendant.

A consideration of the issues raised in the light of the record satisfies us that the trial court committed no prejudicial error and hence the judgment entered against defendant is entitled to be affirmed for the reasons hereinafter set out. We shall discuss the errors urged in the order in which they are stated.

## I.

Defendant's motions for directed verdict and for judgment n. o. v. raised the issues which are asserted in this appeal to the effect that there is no substantial evidentiary support for finding defendant guilty of any asserted specification of negligence or a finding that the negligence, if any, was the proximate cause of the plaintiff's injuries and additionally urged that the record conclusively establishes that plaintiff as a matter of law was guilty of contributory negligence more than slight, and had assumed the risk of injury.

■ The accident occurred in Nebraska. The parties appear to be in agreement that the substantive law of Nebraska controls. We pointed out in Chicago, Burlington & Quincy R.R. v. Beninger, 8 Cir., 373 F.2d 854, 856, that it is still an open question as to whether state or federal law controls on the issue of sufficiency of the evidence to support a verdict. We then went on to say that Nebraska and federal standards for resolving such issue are substantially the same. We quoted and followed the standards stated in Wray M. Scott Co. v. Daigle, 8 Cir., 309 F.2d 105, 108–109, a case arising out of Nebraska. We shall follow the same course here. We also cited and followed Nebraska cases holding that the evidence should be viewed in the light most favorable to the prevailing party, giving him the benefit of all reasonable inferences which may reasonably be drawn from the evidence, and further held that when a conflict in evidence exists, questions of negligence, proximate cause and contributory or comparative negligence are ordinarily fact questions for resolution by the jury.

Continental Can Co. v. Horton, 8 Cir., 250 F.2d 637, resembles our present case in many respects. There an employee of the contractor working on defendant-owner's premises was injured by falling from a defective scaffold belonging to the owner. The contractor was authorized to use the scaffold, the owner's employees likewise using it at times. That case was tried before Judge Delehant, an able and experienced Nebraska federal judge. The affirming opinion upon appeal was written by Judge Woodrough, a Nebraska judge who has had a long and distinguished career on this court. In *Continental Can*, as here, reliance was placed upon R.R.S., Neb., 1943, § 48–425, which reads:

"All scaffolds, hoists, cranes, stays, ladders, supports or other mechanical contrivances used in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct or other structure, shall be erected and constructed in a safe, suitable and proper manner. * * * *"

Defendant in our present cases urges that the statute just quoted is inapplicable for two reasons, to wit, (1) it applies only to an employer and defendant is not plaintiff's employer; and (2) the statute does not cover maintenance of the ladder.

■ In *Continental Can*, similar contentions were rejected. We there squarely held that the owner in possession was responsible to the employee of the contractor for the failure of the scaffold furnished by the defendant-owner to meet the statutory safety standards. Ladders and scaffolds are both covered by the pertinent statute heretofore cited.

■ We also held that the owner in possession had a duty under the statute to maintain the equipment. We stated:

"Therefore under Nebraska law the erection of a scaffold which is neither safe, suitable, nor proper is not merely evidence of negligence but is negligence per se and the issue, therefore, is not whether defendant exercised due care in erecting the scaffold, but

whether the scaffold was in fact erected and maintained in a safe, suitable and proper manner." 250 F.2d 637, 642.

We find nothing in the Nebraska cases which indicates the interpretation we made of § 48–425 is erroneous and hence we adhere to the interpretation of the statute made in *Continental Can.*

■ When the law as above stated is applied to the facts in this case, we are satisfied that a jury issue on the negligence of defendant and proximate cause is made out.

The descent by the ladder from the head house is made through an opening in the head house floor 27¼ inches long and 15½ inches wide. Plaintiff is a rather large man and had a tool belt about his waist at the time of the descent. The evidence discloses that some twisting is necessary to get through the opening. The first rung of the ladder below the head house floor had been removed by the contractor to facilitate passing through the opening. Several protruding nails were left where the rung had been removed. Plaintiff testified that a person cannot see downward while going through the opening but has to feel his way and be somewhat of a contortionist to work his way down. He further testified:

"I started to go down through the opening in the floor on the ladder, and I had put my left foot down through the opening, and in the dark there I finally got my foot set solidly down on the rung, and then I brought my other foot down through the opening and I got my body through, at least the lower portion of my body through the opening, and then as I started to move my right foot off this step and go on down to the next rung on down the ladder, it snagged on my pants. * * Somewhere around my knee there was a nail on the ladder there and it snagged on my pants and I just—I lost my balance and the other foot, my left foot, which was still on the ladder rung, slipped off and I started falling

backwards, and from thereon I just fell all the way to the ground."

■ Plaintiff admitted while on the witness stand that he had made a prior inconsistent statement to the effect that as he went down he inserted his foot below a rung and started to slip down. Plaintiff's credibility was for jury determination and it is for the jury to determine which version of the accident to accept. Additionally, there is evidence that there was considerable dust in the air and on the floor and ladder rungs caused by the operation of the elevator and that such dust impaired visibility and made surfaces slippery. There is also testimony, which is contradicted, to the effect that it was dark at the time of the accident and that there were no lights in the head house.

■ We are also unable to say as a matter of law under the circumstances disclosed that plaintiff was guilty of contributory negligence more than slight. It is quite true that he was aware of the missing rung, but the jury could find that he exercised the care of a reasonably prudent man under the circumstances in attempting to descend the ladder.

We hold that the court committed no error in overruling defendant's motions for directed verdict and judgment n. o. v.

## II.

Defendant made a timely request for instructions on the issue of assumption of risk. Such instructions were rejected. The court instead instructed the jury that the assumption of risk doctrine had no place in the case but then went on to say that the issue of contributory negligence as previously explained and defined remained for the jury's consideration. Defendant urges that the court erred in so instructing and in refusing to give the requested assumption of risk instructions. The court assigned no reason for taking the action just complained of.

R.R.S. § 48–435 reads:

"Buildings; construction; violations; assumption of risk. The con-

tinuance by any person in the employ of any such operator shall not be deemed an assumption of risk of such employment."

We held in *Continental Can* and hereinabove that an owner in possession is responsible to an employee of a contractor for defects in equipment such as scaffolds and ladders. Sections 425 and 435 are found in the same chapter of the code which covers safety regulations. When the chapter is considered as a whole, we believe that it may be fairly said that the legislature by § 435 intended to eliminate the assumption of risk defense in favor of an employee as against any person responsible under § 425 for furnishing safe equipment.

As stated in 65A C.J.S. Negligence § 174(7) and supporting authorities there cited, "A person for whose protection a safety law, order, or regulation has been passed does not assume the risks of the dangerous condition resulting from a violation thereof."

Moreover, we find additional support for the trial court's refusal to give the assumption of risk instructions in Restatement Torts 2d § 496E which reads:

"Necessity of Voluntary Assumption

(1) A plaintiff does not assume a risk of harm unless he voluntarily accepts the risk.

(2) The plaintiff's acceptance of a risk is not voluntary if the defendant's tortious conduct has left him no reasonable alternative course of conduct in order to

(a) avert harm to himself or another, or

(b) exercise or protect a right or privilege of which the defendant has no right to deprive him."

Such principle appears to have been adopted in Nebraska in Schwab v. Allou Corp., 177 Neb. 342, 128 N.W.2d 835, 841. In that case, a tenant in an apartment building was injured in crossing an icy passage which it was the duty of the owner of the building to maintain and keep safe. Plaintiff knew all exits from the building were icy but had to get out of the apartment to carry on her employment. In holding the assumption of risk defense inapplicable, the court states:

"Assumption of risk is predicated upon an implied consent to be treated negligently. If the person against whom the doctrine is applied is deprived of a choice in the matter, the risk is not assumed, although it may be encountered."

Similarly in our present case, the evidence shows no alternate safe means available to plaintiff to leave the work station which was safer than the means chosen.

### III.

Defendant moved for a new trial upon the basis of facts asserted in an affidavit of one of the jurors to the effect that the jurors discussed the likelihood of insurance coverage and its effect and that they gave inadequate consideration to and misinterpreted the court's instructions. Defendant also asked that the members of the jury be summoned for examination. The court properly denied such request and the motion for a new trial.

The items set out in the juror's affidavit all related to matters which took place in the jury room and which inhere in the verdict. It is a well-established rule in the federal courts and the Nebraska court that a jury verdict may not be impeached as to occurrences in the jury room which inhere in the verdict by an affidavit of a juror. McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300; Stephenson v. Steinhauer, 8 Cir., 188 F.2d 432, 439; United States v. Kansas City, Mo., 8 Cir., 157 F.2d 459, 460; Koeniz v. Frank's Plastering Co., D.C.Neb., 227 F.Supp. 849, 850–851; Kohrt v. Hammond, 160 Neb. 347, 70 N.W.2d 102, 105; Pope v. Tapelt, 155 Neb. 10, 50 N.W.2d 352, 356.

Moreover, a motion for a new trial is ordinarily addressed to the

sound discretion of the trial court and is not subject to review absent an abuse of discretion. Bankers Life & Cas. Co. v. Kirtley, 8 Cir., 307 F.2d 418, 423; Johnson v. Hill, 8 Cir., 274 F.2d 110, 117. No abuse of discretion has here been shown.

## IV.

Lastly, we reach defendant's contention that the court erred in denying its motion pursuant to Rule 60(b), Fed.R.Civ.P., for relief from final judgment. Defendant asserts that because of mistake, excusable neglect of counsel, inadvertence and surprise, Exhibit 26 was wrongfully received in evidence. Exhibit 26 consists of the American Standard Safety Code for building construction accompanied by a foreward which states such code has been adopted in Nebraska pursuant to statutory authority. It is accompanied by letter from the Nebraska Safety Engineer certifying such code was in effect from 1940 to date.

Defendant's counsel objected to the exhibit as incompetent, irrelevant and immaterial and in response to questions asked by the court expressly waived foundation as to the adoption of the regulations and specifically conceded that the regulations were in full force and effect on the date of the accident, October 19, 1960.

The court in its instructions to the jury upon the basis of the concession that the now disputed regulations had been adopted advised the jury that such safety regulations had been adopted pursuant to Nebraska law and had the force and effect of a statute. A number of provisions of the safety code relating to ladders were incorporated in the instructions and the jury was advised that violation of the regulations constituted negligence per se. Appropriate instructions as to proximate cause were given. Defendant's objection to the safety regulation instructions were limited to lack of materiality and relevancy and the further ground that a grandfather clause made the regulations inapplicable to ladders constructed prior to a certain date and

that there was no evidence as to when the ladder was constructed.

Defendant in his 60(b) motion filed some four months after the entry of final judgment for the first time raised the objections now under consideration to the effect that such regulations were not operative on the date of the accident because: (1) The provisions of the Nebraska administrative act, § 84–901 et seq., R.R.S.Neb., were not complied with in the attempted adoption of the regulations. (2) The regulations contained in Exhibit 26 do not apply as the attached foreword contains the provision that safety code regulations "shall apply in all cases not specifically covered by Nebraska regulations" and existing regulations already covered safety requirements for construction of ladders.

We believe the defendant is precluded from raising such issues here because of the stipulation made at the trial that regulations contained in Exhibit 26 were in effect at the time of the accident. The general rule is that parties are bound by stipulations voluntarily made and that relief from such stipulations after judgment is warranted only under exceptional circumstances. See Osborne v. United States, 8 Cir., 351 F.2d 111, 120; Jackson v. United States, 8 Cir., 330 F.2d 679, 681; Burstein v. United States, 8 Cir., 232 F.2d 19, 22.

Defendant in its 60(b) motion does not assert that the stipulation was induced by any fraud or misconduct on the part of the plaintiff or his counsel. Evidence was introduced at the 60(b) hearing from which it would appear that the regulations here in controversy were adopted in conformity with the administrative procedure act in 1964. There is also evidence which tends to show that on prior occasions various safety regulations including American Standard Safety Code for building construction were adopted. No representative from the State Department testified with respect to the regulations and considerable uncertainty exists as to just when the safety regulations here involved were first adopted. The record does not conclusive-

ly establish such regulations were not in effect on the date of the accident. We are unable to definitely ascertain from the record whether or not such regulations were in effect and we make no adjudication upon such point.

 Moreover, it is established law that 60(b) motions provide for extraordinary relief and that they may be invoked only upon a showing of exceptional circumstances and the ruling of the trial court upon such motions should be set aside only upon a clear showing of abuse of discretion. Di Vito v. Fidelity & Deposit Co. of Maryland, 7 Cir., 361 F.2d 936, 938; Curtis Publishing Co. v. Butts, 5 Cir., 351 F.2d 702, 717; Ohliger v. United States, 2 Cir., 308 F.2d 667, 668.

The record of adoption of the safety regulations was available to defendant in the State office in which it was filed. If defendant chose to raise the issue of lack of proper procedure in the adoption of the regulations, defendant should have made the necessary investigation or at least should have required plaintiff to lay the proper foundation for the introduction of Exhibit 26. See Ohliger v. United States, supra; In Re Wright, D.C.Mo., 247 F.Supp. 648, 659. Exhibit 26 did not purport to show that compliance with the detailed requirements of the Nebraska administrative procedure act had been followed and hence defendant was not misled by the exhibit in this respect.

Relevant facts to be considered by the court in determining whether or not 60(b) relief should be granted have been thus stated:

"[I]f relief is sought from a judgment rendered after a trial on the merits, whether the movant had a fair opportunity to present his claim or defense; whether there are any intervening equities which make it inequitable to grant relief; and any other factor that is relevant to the justice of the judgment under attack, bearing always in mind that the principle of finality of judgments serves a most useful purpose for society, the courts,

and the litigants—in a word, for all concerned." United States v. Gould, 5 Cir., 301 F.2d 353, 356.

It is far from clear that any prejudicial error resulted from the giving of the instructions based upon the safety code standard. An ample basis existed under the record for a finding of negligence apart from the safety code items. The trial court by its presence at all stages of the trial had the feel of the case and thus was in a favorable position to determine whether the error complained of was prejudicial and likewise was in a position to determine whether the error complained of brought about a miscarriage of justice. Additionally, we note that no exceptions were taken to the instructions submitting to the jury the various provisions of the safety code upon the grounds now urged. We hold that the defendant has failed to establish an abuse of discretion in the court's order overruling his 60(b) motion.

The judgment appealed from is affirmed.