EARL SELDERS AND ILA SELDERS, ADMINISTRATOR AND ADMINISTRATRIX OF THE ESTATES OF MARCELLA, DOUREEN, AND GARY SELDERS, DECEASED, APPELLANTS, V. CHARLES DALE ARMENTROUT ET AL., APPELLEES.

220 N. W. 2d 222

Filed July 11, 1974. No. 39374.

Moyer & Moyer and George H. Moyer, Jr., for appellants.

Deutsch & Hagen and Hutton & Garden, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an action for damages for the wrongful death of Marcella Selders, Doureen Selders, and Gary Selders, minor children of Earl Selders and Ila Selters. The children died as a result of injuries sustained in an automobile accident on February 3, 1967.

The issue of the defendants' liability was determined in a previous trial. See Selders v. Armentrout, 190 Neb. 275, 207 N. W. 2d 686. The sole issue tried in the lower court was the amount of damages which the

plaintiffs should recover. The jury returned verdicts for the plaintiffs in the amount of $1,500 on each cause of action. The plaintiffs appeal, contending the verdicts were inadequate; the trial court erred in the admission of evidence; and the verdicts should have been set aside because of alleged misconduct of the jurors.

At the time of the accident which resulted in the death of the children the plaintiffs were separated. A decree of divorce had been entered on October 10, 1966. The custody of the children had been awarded to Mrs. Selders, and they were living with her.

. The verdicts included all pecuniary loss sustained by the plaintiffs including medical, hospital, and funeral expenses. Doureen was killed instantly in the accident. The medical and hospital expenses for Marcella and Gary amounted to $297.10. The funeral expenses for the three children amounted to $3,395. It was a question for the jury whether the funeral expense was reasonable in view of the ages of the children and all the facts and circumstances.

Marcella was 15 years of age, Doureen was 13, and Gary was 9. The evidence showed the deceased children had made no contribution of earnings other than to their own support. The evidence concerning the two other children in the family who were not involved in the accident showed they had left home when they became self-supporting and had contributed very little of a pecuniary nature to their parents.

The amount which should be awarded in any wrongful death case is incapable of computation and is largely a matter for the jury. As stated in Dorsey v. Yost, 151 Neb. 66, 36 N. W. 2d 574, 14 A. L. R. 2d 544: "The amount to which a parent is entitled cannot be accurately determined because of the numerous contingencies involved. The amount being very problematical, it is peculiarly for the jury to determine, after hearing all the evidence bearing upon the situation, including the parent's position in life; the physical and mental condi-

tion of the child, his surroundings and prospects, and any other matter that sheds light upon the subject. Members of juries generally have children of their own and have information as to the pecuniary value of children's services and the expense involved in their care and education. A jury is peculiarly fitted to determine the loss sustained by a parent in such a case. At best, the verdict can only be an approximation as no yardstick exists by which the correct answer can be found with exactness."

The evidence in this case was such that the jury could have concluded the pecuniary loss to the parents, including the value of society and companionship, was relatively small. We are unable to say under all the facts and circumstances the verdicts were inadequate.

The plaintiffs contend the trial court erred in receiving in evidence, over objection, a copy of the petition and an affidavit and motion for citation for contempt filed in the divorce proceedings. The exhibits had some relevancy in that they tended to rebut testimony by the plaintiffs concerning their conduct and the family relationships. The ruling was within the discretion of the trial court.

On voir dire examination the trial court questioned the jurors as to whether they were acquainted with any of the lawyers and whether any of the lawyers were handling or had handled any business for them. After one had been excused for cause, the juror called to replace the juror who had been excused was asked if he had heard the questions asked of the other jurors. After an affirmative answer he was asked if he would have answered any of the questions in the affirmative. His reply was: "I know all the lawyers." The attorneys for the plaintiffs made no further inquiry along this line but subsequently discovered that the juror had been represented by the attorneys for one of the defendants. The reply by the juror that he knew all the lawyers was sufficient to put counsel on notice that

further inquiry should be made. The right to challenge a juror for cause may be waived or lost by a lack of diligence. Killion v. Dinklage, 121 Neb. 322, 236 N. W. 757. See, also, Medley v. State, 156 Neb. 25, 54 N. W. 2d 233; Young v. State, 133 Neb. 644, 276 N. W. 387; Flannigan v. State, 124 Neb. 748, 248 N. W. 92. The failure to make further inquiry waived any objections that could have been based on facts that might have been disclosed by such inquiry.

After the verdict had been returned the plaintiffs filed a motion for new trial and requested a continuance for the purpose of interviewing the jurors. Both motions were overruled and thereafter the plaintiffs moved for reconsideration of the ruling on the motion for new trial based upon affidavits obtained from two jurors. The affidavits stated in substance that during their deliberation the members of the jury considered the amount of life insurance the members of the jury carried upon their minor children, and that the average did not exceed $2,000.

The general rule is that affidavits or other sworn statements of jurors will not be received to impeach or explain a verdict, to show on what grounds it was rendered, to show a mistake in it, to show the jurors misunderstood the charge of the court, or to show they mistook the law or the result of the finding because such matters inhere in the verdict. Carpenter v. Sun Indemnity Co., 138 Neb. 552, 293 N. W. 400. See, also, Kohrt v. Hammond, 160 Neb. 347, 70 N. W. 2d 102; Frank's Plastering Co. v. Koenig, 227 F. Supp. 849, affirmed 341 F. 2d 257.

As pointed out in the Kohrt case, it is impossible to exclude from discussion by jurors matters of which they have some personal information. If there was discussion by the jurors in this case concerning insurance which they carried on their own minor children, it was a matter which inhered in the verdicts and was not a basis upon which the verdicts could be set aside.

The judgment of the District Court is affirmed.

AFFIRMED.