ROBERT K. LAMBERTUS, APPELLANT, v. MELVIN BUCKLEY, APPELLEE.

293 N. W. 2d 110

Filed June 10, 1980. No. 42891.

David W. Jorgensen of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

David A. Bush of Kay & Satterfield, for appellee.

Heard before BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

In this appeal, a trial was had to a jury on the plaintiff's petition praying for judgment against the defendant for the value of certain corn which the plaintiff alleged was delivered to the defendant and not paid for. The jury deliberated for 6 hours and returned a 10-2 verdict in favor of the defendant. The plaintiff appeals and assigns one error: That the trial court erred in refusing to receive in evidence affidavits of five jurors reciting that they misunderstood and misapplied the court's instruction No. 10. The court's instruction No. 10 is as follows:

> You are instructed that you may not arrive at a quotient verdict, because such verdicts are invalid. A "quotient verdict" is one where you, the jurors, for the purpose of arriving at a verdict agree that each should write on his or her ballot a sum representing his or her judgment; and that you, the jurors, will be bound by the result; and that the average of such sum shall be the verdict. As I have previously charged you, you may not arrive at such a verdict.

The plaintiff conceded that the instruction was proper. We affirm.

Neb. Rev. Stat. § 27-606(2) (Reissue 1975), Rule 606 (2) of the Nebraska Rules of Evidence, provides that:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a

> juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him indicating an effect of this kind be received for these purposes.

The jury's understanding of the instructions of the court is a matter that inheres in the verdict and cannot be classified as extraneous, prejudicial information improperly brought to the jury's attention. The statute codified a rule adopted by this court in *Palmer v. Parmele,* 104 Neb. 30, 175 N.W. 649 (1919). This court said: "An affidavit of a juror as to what items the jury allowed or disallowed in computing the amount due, or what the jury believed they had a right to do under the instructions, is incompetent. Such matters are commonly held to inhere in the verdict." *Id.* at 34, 175 N.W. at 650. See, also, *Selders v. Armentrout,* 192 Neb. 291, 220 N.W.2d 222 (1974); *Carpenter v. Sun Indemnity Co.,* 138 Neb. 552, 293 N.W. 400 (1940); *Kohrt v. Hammond,* 160 Neb. 347, 70 N.W.2d 102 (1955).

In *Farmers Co-op. El. Ass'n Non-Stock, Big Springs, Neb. v. Strand,* 382 F.2d 224, 230, (8th Cir. 1967), it was stated:

> Defendant moved for a new trial upon the basis of facts asserted in an affidavit of one of the jurors to the effect that the jurors discussed the likelihood of insurance coverage and its effect and that *they gave inadequate consideration to and misinterpreted the court's instructions.* Defendant also asked that the members of the jury be summoned for examination. The court properly denied such a request and the motion for new trial.
>
> The items set out in the juror's affidavit

all related to matters which took place in the jury room and which inhere in the verdict. It is a well-established rule in the federal courts and the Nebraska court that a jury verdict may not be impeached as to occurrences in the jury room which inhere in the verdict by an affidavit of a juror.

(Emphasis supplied.)

The plaintiff's assignment of error is without merit. The trial court was correct in refusing to admit the affidavits of the jurors in evidence and the matter is affirmed.

AFFIRMED.

KRIVOSHA, C. J., participating on briefs.