STATE OF NEBRASKA, APPELLEE, V. DONALD P. STEINMARK, APPELLANT.

266 N. W. 2d 751

Filed June 14, 1978. No. 41671.

Kirk E. Naylor, Jr., of Naylor & Keefe, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and HASTINGS, District Judge.

BOSLAUGH, J.

In 1975 the defendant was convicted of unlawful delivery of amphetamines and unlawful delivery of marijuana on separate occasions. The judgments were affirmed by this court in State v. Steinmark, 195 Neb. 545, 239 N. W. 2d 495. In 1977 the United States District Court for the District of Nebraska ordered the defendant be discharged unless retried within 90 days. See Steinmark v. Parratt, 427 F. Supp. 931.

Upon retrial the defendant was again convicted of both counts. The defendant has appealed and contends that the trial court erred in two evidentiary rulings and that the judgments should be reversed because of misconduct of the jury.

The facts were summarized in the opinion on the previous appeal, State v. Steinmark, *supra*. It is un-

necessary to summarize the evidence again because the defendant makes no contention that the evidence was insufficient to support the judgment.

Each offense consisted of a sale to Dennis Landrie, a cooperating individual or undercover agent employed by the Nebraska State Patrol. During the cross-examination of Landrie, defense counsel asked Landrie if he had a telephone conversation with the county attorney on August 28 or 29 of 1975 regarding the diverting of buy money. An objection that the matter was too remote in time was sustained. Defense counsel then made an offer of proof to the effect that Landrie had been told that "even if" he had used state funds for his own purposes he wouldn't have to worry about it. An objection to the offer of proof was sustained on the ground that the evidence offered did not relate to any statement by the witness and the conversation took place long after Landrie had made his reports concerning the transactions with the defendant.

Any conversation which took place in August of 1975 occurred after the first trial and before it became probable that there would be a second trial. The evidence offered had little relevance or materiality to the credibility of Landrie so far as his testimony in this case was concerned. The ruling made was within the discretion of the trial court.

On rebuttal, the State called three members of the Nebraska State Patrol who had worked with Landrie. Over objection these witnesses were permitted to testify as to their opinions as to the reputation of Landrie for truth and veracity. The defendant contends that this evidence was not admissible because the defense had presented no opinion evidence as to the reputation of Landrie for truth and veracity.

Section 27-608 (1), R. R. S. 1943, provides as follows: "(1) The credibility of a witness may be attacked or supported by evidence in the form of reputation or opinion, but subject to these limitations:

(a) The evidence may refer only to character for truthfulness or untruthfulness, and (b) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."

The principle evidence against the defendant was the testimony of Landrie. The defense attacked the credibility of Landrie by an extensive cross-examination and through the testimony of other witnesses who contradicted parts of Landrie's testimony. This evidence satisfied the statutory requirement that the character of the witness for truthfulness had been attacked "otherwise" and opinion evidence to support the credibility of the witness was admissible.

The motion for new trial filed by the defendant alleged there had been misconduct by the jury in that the jury considered the fact the defendant had been previously convicted of the same offenses and had served approximately 1 year in prison; that the jury considered the evidence tags attached to certain exhibits as evidence of guilt; and that the jurors concluded they could not consider as evidence some of the evidence offered by the defendant which tended to contradict the testimony of Landrie. At the hearing on the motion, an affidavit by one of the jurors was received in evidence. The affidavit stated that during the deliberations of the jury one of the jurors had said that the "defendant, Donald Steinmark, had been previously convicted"; that one of the jurors told the affiant that the defendant had already served a year in prison; that one of the jurors had said that this juror had heard "that Jessie's Bar was a place in Kearney, Nebraska, where illegal drugs were readily available for purchase"; and that several jurors had said the fact the defendant's name appeared upon the evidence tags was evidence that the drugs contained within the exhibits had been obtained from the defendant. The State offered no evi-

dence at the hearing, and the motion for new trial was overruled.

Section 27-606 (2), R. R. S. 1943, provides as follows: "(2) Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him indicating an effect of this kind be received for these purposes."

Under this statute a juror may testify as to whether "extraneous prejudicial information was improperly brought to the jury's attention." No evidence may be received as to the effect of any statement upon a juror's mind, its influence one way or another, or the mental processes of a juror in connection therewith.

The affidavit which was received in evidence in this case related three items of extraneous prejudicial information which may have been improperly brought to the jury's attention. The fact that the defendant had been convicted before, had served a year in prison, and the reputation of Jessie's Bar where the defendant worked were all facts which should not have been brought to the jury's attention during deliberations.

The procedure to be followed in determining whether a defendant has been deprived of a fair trial by misconduct of the jury is set out in United States v. McKinney, 429 F. 2d 1019. When an allegation of misconduct is made, and is supported by a showing

which tends to prove that serious misconduct occurred, the trial court should conduct an evidentiary hearing to determine whether the alleged misconduct actually occurred. If it occurred, the trial court must then determine whether it was prejudicial to the extent the defendant was denied a fair trial. If the trial court determines that the misconduct did not occur, or that it was not prejudicial, adequate findings should be made so that the determination may be reviewed.

The matter of whether the misconduct occurred is largely a question of fact and the jurors may be questioned as to what happened during their deliberations. The determination as to whether the misconduct was prejudicial to the extent that the defendant was denied a fair trial is a question for the trial court which is to be resolved upon the basis of an independent evaluation of all the circumstances in the case.

The record indicates that the issue of the alleged misconduct of the jury and its effect upon the verdict in this case was resolved in a summary manner. While we are not prepared to say, upon the basis of the present record, that the defendant is entitled to a new trial, we believe the cause should be remanded for a further hearing upon the matter of misconduct of the jury as alleged in the motion for new trial. We therefore vacate the order of the District Court overruling the defendant's motion for new trial and remand the cause for further proceedings in accordance with this opinion.

We express no opinion concerning the matters alleged in the affidavit received at the hearing on the motion for new trial other than it was a sufficient showing in support of the allegations of misconduct to require an evidentiary hearing to determine whether misconduct occurred and whether it was prejudicial to the extent the defendant was denied a fair trial.

The State argues that the jurors could have inferred from the evidence received during the trial that the defendant had been previously convicted and had served time. While this is a possibility it is a matter which can be resolved upon the remand. The record does not contain the voir dire of the jury and it is possible that previous knowledge of the case was eliminated as a source of prejudice during the selection of the jury.

The order of the District Court overruling the defendant's motion for a new trial is vacated and the cause remanded for further proceedings in accordance with this opinion.

ORDER VACATED AND CAUSE REMANDED
FOR FURTHER PROCEEDINGS.

WHITE, C. J., took no part in the consideration or decision in this case.

McCOWN, J., concurring in result.

The facts establishing juror misconduct sufficient to require a new trial are set out in detail in affidavit form. Those facts are subscribed and sworn to under oath and they stand unchallenged by the State. In my opinion the motion for new trial should be granted on this record.