STATE OF NEBRASKA, APPELLEE, v. ALBERT WAYNE TWEEDY, APPELLANT.

277 N. W. 2d 254

Filed April 3, 1979. Nos. 42188, 42189.

Albert Tweedy, pro se.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

This is an appeal by Albert Wayne Tweedy in a post conviction proceeding commenced under the provisions of section 29-3001 et seq., R. R. S. 1943. The application alleges that the applicant is confined in the Nebraska Penal and Correctional Complex serving consecutive sentences of 1 year for escape from jail and 2 to 5 years for auto theft. It alleges further that the conviction and sentence are constitutionally infirm because Tweedy was deprived of effective assistance of counsel in violation of the pertinent provisions of the Constitutions of the United States and the State of Nebraska. The substance of these claims is that at the time Tweedy entered pleas of guilty and was sentenced on the charges, he was not yet 18 years old; that the pleas of guilty were entered pursuant to a plea bargain which he did not understand; and that before entering such pleas he was entitled to make a motion under the provisions of section 43-202.02, R. S. Supp., 1978, to have the proceedings transferred to juvenile jurisdiction and to have a hearing on such motion and that his court-appointed counsel failed to advise him of his rights in this respect. The District Court held an evidentiary hearing and found that the sentencing judge had not advised Tweedy of his right to file the motion and to have a hearing as required by section 43-202.02, R. S. Supp., 1978, and that Tweedy had thus been deprived of due process. The order then granted Tweedy 30 days to file a motion in accordance

with the provisions of section 43-202.02, R. S. Supp., 1978. This Tweedy did and a further evidentiary hearing was held.

At these hearings Tweedy and his counsel in the criminal proceedings testified and documentary evidence was introduced. Tweedy testified he did not understand the plea bargain, and he did not know and was not advised of his right to file a motion and have a hearing on the matter of transfer to juvenile jurisdiction. His counsel testified the plea bargain consisted of the dismissal of one of two charges of auto theft and the entry of a plea of guilty to the two charges on which Tweedy was sentenced and that Tweedy was informed of the nature of the bargain. The record of the arraignment and sentencing corroborates that testimony.

Counsel further testified he considered the matter of filing a motion to transfer jurisdiction and determined the county attorney would oppose the motion; Tweedy's prior record made it unlikely such motion would be granted; and he advised Tweedy of his right to file the motion and Tweedy rejected it because it would cause a delay and Tweedy wanted to get out of the Saunders County jail as soon as possible and back to the penal complex.

The record establishes the following: (1) A long history of Tweedy's incorrigibility as a juvenile; (2) a prior conviction for the felony of auto theft; (3) violation of the conditions of parole while on parole for that offense; (4) commission of the next two felonies of auto theft within 48 hours of his release from parole; (5) Tweedy's prior commitment to the Nebraska Penal and Correctional Complex at age 16 was necessitated by the fact the Kearney institution for male juvenile offenders would not accept him because, among other things, during a period of 13 months as an inmate there, Tweedy had escaped from the institution six times; and (6) the escape from jail occurred while Tweedy was incarcerated

awaiting trial on the last two auto theft charges.

The record also shows at the time of the sentencing the District Judge was aware of Tweedy's age, made inquiry as to why there had been no request for transfer to juvenile jurisdiction, and that his counsel, in open court in the presence of Tweedy, waived the right; the record further establishes the county attorney, in determining whether to prosecute Tweedy as an adult or as a juvenile, took into consideration the matters listed in section 43-202.01, R. S. Supp., 1978.

After the second evidentiary hearing, the court found the nature of the offenses, Tweedy's prior record, and the security of the public all require the probable confinement of Tweedy beyond the time he could be held as a minor, and therefore the retention of jurisdiction in the District Court had been proper and Tweedy had not established a basis for transfer of jurisdiction.

We hold that where a juvenile defendant is being prosecuted in the District Court and has not had an opportunity for a hearing on the matter of transfer to juvenile jurisdiction as required by section 43-202.02, R. S. Supp., 1978, ordinarily the proper procedure to cure the procedural defect is to hold such a hearing and to determine whether or not such transfer should have been granted. If the court, based upon sufficient evidence, finds the evidence did not require the transfer, then the conviction need not be set aside in post conviction proceedings. Precedent for such curative procedure in somewhat similar circumstances may be found in our decision in State v. Steinmark, 201 Neb. 200, 266 N. W. 2d 751; and Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908.

AFFIRMED.