699 N.W.2d 367 (2005)
270 Neb. 46
Steven M. ONDRAK, appellant and cross-appellee,
v.
Lizabeth L. MATIS, appellee and cross-appellant.
No. S-04-764.
Supreme Court of Nebraska.
June 24, 2005.
*368 Thomas J. Watson, of Nye, Hervert, Jorgensen & Watson, P.C., Kearney, for appellant.
Timothy P. Brouillette, of Elliott & Brouillette, L.L.P., North Platte, for appellee.
HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
CONNOLLY, J.
The appellant, Steven M. Ondrak, sought specific performance on a contract for the sale of property. After Ondrak filed a notice of lis pendensbut before service was perfectedthe appellee, Lizabeth L. Matis, sold the property to a third party, Jim and Doris Wilson. Ondrak did *369 not join the Wilsons as parties to the suit. The district court determined that the property at issue was personal property and that the lis pendens did not apply to allow for specific performance. The court granted Matis' motion for summary judgment. We determine that the lis pendens would allow for specific performance if the property is real property. Because a question of fact exists whether the property is real property or personal property, we reverse, and remand for further proceedings.

BACKGROUND
Ondrak filed a complaint against Matis and her agent, Coldwell Banker-Preferred Group PC, seeking specific performance on a real estate contract. The contract in the record is a blurry, faxed, printed, Realtor's purchase agreement; it is illegible even using a magnifying glass. The record is unclear whether the contract was for the sale of the land or for the sale of buildings, fixtures, or improvements. Although some exhibits indicate that it was a contract for the sale of "real estate," other exhibits indicate that it was for buildings, fixtures, or improvements. At oral argument, attorneys for the parties stated that the contract was for the sale of a cabin on leased land; however, this is not clear from the record.
Ondrak alleged that he entered a contract to purchase the property, that Matis breached the contract, and that she informed him the property would be sold to another party. Ondrak filed a notice of lis pendens with the register of deeds and mailed a copy to Matis. After the notice was filed, but before she was served with summons, Matis sold the property to the Wilsons. Coldwell Banker-Preferred Group PC was dismissed from the action, and Matis filed a cross-claim, alleging that the complaint was frivolous, and moved for summary judgment. Matis' Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(6) (rev.2003) motion to dismiss, alleging that there was no valid contract, was overruled. Both parties moved for summary judgment.
The court found that the property was personal property. Although the court noted that an action for damages could be brought against Matis and a specific performance action could be brought against the Wilsons, it determined that an action for specific performance could not be brought against Matis because she no longer owned the property. Thus, the court granted Matis' motion for summary judgment. The court granted Ondrak's motion for summary judgment on the cross-claim. Ondrak appeals, and Matis cross-appeals.

ASSIGNMENTS OF ERROR
Ondrak assigns, rephrased and consolidated, that the district court erred when it granted Matis' motion for summary judgment. On cross-appeal, Matis contends that the court erred by overruling her rule 12(b)(6) motion to dismiss and her motion for summary judgment on the cross-claim.

STANDARD OF REVIEW
Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Olson v. Le Mars Mut. Ins. Co., 269 Neb. 800, 696 N.W.2d 453 (2005).

ANALYSIS
Ondrak contends that because he filed notice of lis pendens, the Wilsons are bound by any judgment against Matis affecting the property even if they are not joined as a party to the lawsuit. Thus, he *370 argues that specific performance is an available remedy. Matis argues, however, that because the suit involves personal property, the lis pendens was not effective. Therefore, she contends that specific performance is not available because she no longer owns the property and that the Wilsons would not be bound by an award of specific performance.
Neb.Rev.Stat. § 25-531 (Cum.Supp.2004) provides:
When the summons has been served or publication made, the action is pending so as to charge third persons with notice of pendency. While the action is pending no interest can be acquired by third persons in the subject matter thereof, as against the plaintiff's title. In all actions brought to affect the title to real property, the plaintiff may either at the time of filing his or her complaint or afterwards, file ... with the clerk or register of deeds of each county in which the real estate thus to be affected, or any part thereof, is situated, a notice of the pendency of such action. The notice shall contain the names of the parties, the object of the action, and a description of the property in such county sought to be affected thereby.... From the time of filing such notice the pendency of such action shall be constructive notice to any purchaser or encumbrancer to be affected thereby. Every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed to be a subsequent purchaser or encumbrancer and shall be bound by all proceedings taken in the action after the filing of such notice to the same extent as if he or she were made a party to the action.
Section 25-531 differentiates between real and personal property. In an action that affects personal property, notice of the pendency of an action is effective upon the service of summons or publication. But in actions that "affect the title to real property," notice may be filed with the register of deeds. Once notice is filed, any subsequent purchaser is bound by any proceedings in the action, whether joined as a party or not. The purpose of a lis pendens is to notify prospective purchasers that the real property at issue is directly involved in a pending suit over title or of an interest which affects title to the property. See Hutson v. Young, 255 Ga.App. 169, 564 S.E.2d 780 (2002).
We have not addressed whether under § 25-531, an action concerning the sale of buildings or fixtures on leased land is an action that "affect[s] the title to real property." Other courts, however, have held that an action for specific performance for the purchase of buildings or fixtures situated on leased land is not an action that affects the title to real property under lis pendens statutes. Hutson v. Young, supra; Hubbard v. Hardeman County Bank, 868 S.W.2d 656 (Tenn.App.1993); Garrison General Tire Service, Inc. v. Montgomery, 75 N.M. 321, 404 P.2d 143 (1965). As a general rule, courts hold that whether property placed on land is personal or real property depends on the intention of the parties and the purpose of the property. See, Hubbard v. Hardeman County Bank, supra; Garrison General Tire Service, Inc. v. Montgomery, supra. Generally, property that is removable at an owner's pleasure is not the type of property that affects title to real property under lis pendens statutes. Hubbard v. Hardeman County Bank, supra.
In Hubbard, a lis pendens was ineffective against the purchaser of two one-story bank buildings located on leased land. Evidence showed that the buildings were intended to be movable and could be moved relatively inexpensively. The *371 ground leases also expressly provided that the buildings were not to become fixtures and that if the land was sold, the owner of the land would not own the buildings. The Tennessee Court of Appeals concluded that the bank buildings were personal property.
Likewise, in Garrison General Tire Service, Inc. v. Montgomery, supra, the New Mexico Supreme Court determined that a cabin on leased land was personal property. The land lease provided that upon expiration, if all rents were paid, the cabin could be moved. Because the parties intended the cabin to be treated as personal movable property, the court found that it was not real estate or a fixture, and that thus, a lis pendens did not bind a subsequent purchaser of the cabin.
We agree with the rationale of the Tennessee and New Mexico courts. Accordingly, we hold that the purpose and nature of the property and the intent of the parties determines whether buildings or other items located on leased land affect the title to real property. The answer could differ depending on the facts.
Here, although the district court determined that the property was personal property, the record does not provide sufficient details to reach a determination. The contract is illegible. In some instances, the record refers to the property as real estate. In other instances, the record reflects that the contract was for the sale of buildings, fixtures, or improvements. At argument, attorneys for the parties stated that it concerned a cabin on leased land. If the property affects the title to real estate, the lis pendens was effective to bind the Wilsons, should specific performance be awarded. But if the property is personal, the lis pendens was filed before service of process and is ineffective against the Wilsons. In that case, an action for specific performance may not be brought against Matis, because performance would be impossible.
Because the property might be property that affects the title to real estate, we determine that there is an issue of material fact about whether the property is personal or affects title to real estate. Thus the district court erred when it granted summary judgment. Accordingly, we reverse, and remand for further proceedings.

CROSS-APPEAL
On cross-appeal, Matis contends that the district court erred by failing to determine that there was no valid contract between the parties and by overruling her motion for summary judgment on her cross-claim. The contract is illegible. It is incumbent on the party appealing to present a record which supports the errors assigned, and absent such a record, the decision of the lower court will be affirmed. Bradley T. & Donna T. v. Central Catholic High Sch., 264 Neb. 951, 653 N.W.2d 813 (2002). Because we cannot read the contract, we cannot determine its validity, nor can we determine that the action was frivolous. Accordingly, we affirm the overruling of the motions to dismiss and for summary judgment on the cross-claim.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.