AZIZ Y. ANIS, M.D., APPELLANT, V. BRYANLGH HEALTH
SYSTEM, A CORPORATION, APPELLEE.
707 N.W.2d 60

Filed December 27, 2005. No. A-04-661.

Thomas M. Locher, Joel E. Feistner, and Doug Krenzer, of Locher, Cellilli, Pavelka & Dostal, L.L.C., for appellant.

Dean J. Sitzmann, Stephen L. Ahl, and Justin E. Driscoll, of Wolfe, Snowden, Hurd, Luers & Ahl, L.L.P., for appellee.

CARLSON and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Aziz Y. Anis, M.D., appeals the order of the district court for Lancaster County which overruled his motion for new trial in his tort action against BryanLGH Health System (BryanLGH). Because we conclude that Anis failed to meet his burden of proving by clear and convincing evidence that he was prejudiced by alleged jury misconduct, we affirm.

## BACKGROUND

Anis initiated a negligence action against BryanLGH for injuries Anis suffered when he slipped and fell on some ice in a parking garage owned and operated by BryanLGH. At the conclusion of the trial, the jury was instructed, inter alia, as follows:

> The law forbids you to return a verdict determined by chance. You may not, for instance, agree in advance that each juror will state an amount to be awarded in damages, that all of those amounts will be added together, that the total will be divided by the number of jurors, and that the result will be returned as the jury's verdict.
>
> A verdict determined by chance is invalid.

This instruction is identical to the pattern jury instruction. See NJI2d Civ. 4.02. During the formal jury instruction conference, Anis did not specifically object to this instruction. Anis offered proposed instructions and verdict forms, which the trial court rejected and none of which addressed the topic of a verdict determined by chance. At the close of the conference, counsel for Anis stated:

> The only other matter that I would just raise for the purpose of the record, Judge, [Anis] would object to the instructions

as a whole. It's not accurately stating the law and failing to instruct the jurors on the specific instructions that have been offered and marked for purposes of that.

Read in context, this broad objection merely notes the divergence between the court's instructions and verdict forms and those particular instructions and verdict forms requested by Anis, none of which spoke to the subject of a verdict determined by chance. This objection served only to further preserve Anis' objection to the trial court's refusal to use the particular instructions and verdict forms preferred by Anis.

During deliberations, the jury submitted a single set of written questions to the trial court which the trial court answered, as follows:

We have found both parties to be neglectful.

Question A.: Do we have to unanimously agree on the percentage of neglect? If other than 50-50?

Answer: Please reread the instructions.

Question B.: Can we have a calculator?

Answer: No

Question C.: What is our time situation[?]

Answer: What time situation are you referring to?

Question D.: % of neglect

| ex. | P[laintiff] | D[efendant] | Do we add these up and |
|-----|-------------|-------------|------------------------|
| | 60 | 40 | divide by 12? |
| | 50 | 50 | |
| | 70 | 30 | |

Answer: Please reread the instructions.

Both parties and their counsel waived their appearances at the reading of the verdict. The jury found BryanLGH to be 32 percent negligent and Anis to be 68 percent negligent. Following the court's instructions, the jury returned a verdict for BryanLGH. After the jury announced its verdict, the court polled each of the jurors and each confirmed the verdict. The court entered judgment pursuant to the jury's verdict. Anis moved for a new trial, alleging that the jury's verdict was not sustained by the evidence "and/or" was contrary to law. After a hearing at which neither party offered any evidence, the trial court denied the motion for new trial. Anis appeals to this court.

## ASSIGNMENTS OF ERROR

Anis alleges that (1) the verdict rendered by the jury was an improper quotient verdict based upon chance and lottery, and must therefore be set aside, and (2) the trial court abused its discretion in overruling Anis' motion for new trial without conducting any independent evaluation of all the circumstances of the case and without making specific findings for review based upon that evaluation.

## STANDARD OF REVIEW

In order for a new trial to be ordered because of juror misconduct, the party claiming the misconduct has the burden to show by clear and convincing evidence that prejudice has occurred. *In re Petition of Omaha Pub. Power Dist.*, 268 Neb. 43, 680 N.W.2d 128 (2004). The trial court's ruling on a question involving jury misconduct will not be disturbed on appeal absent an abuse of discretion. *Id.*

## ANALYSIS

*Evidence of Quotient Verdict.*

Anis alleges that the jury's verdict was an improper quotient verdict based on chance and lottery. A quotient verdict is one in which the jurors, for the purpose of arriving at a verdict, agree that each should write on his or her ballot a sum representing his or her judgment, that the aggregate should be divided by the number of jurors, and that the jurors will be bound by the quotient as their verdict. See *Haarberg v. Schneider*, 174 Neb. 334, 117 N.W.2d 796 (1962). Quotient verdicts are generally considered invalid. See *id.* They do not represent the deliberate judgment of the jurors, are subject to manipulation, and evoke the nature of a lottery. See *Winston v. Davis*, 187 Neb. 522, 192 N.W.2d 413 (1971). An after-the-fact agreement to use an average does not invalidate the verdict. See *McGuire v. Thompson*, 152 Neb. 28, 40 N.W.2d 237 (1949).

> "The invalidity of quotient verdicts depends not upon the method of arriving at the verdict, or the result reached, but on the previous agreement to be bound by the result of the quotient process. The test to be applied in determining the validity of a verdict which is attacked as a quotient verdict

is whether the jury agreed beforehand to be bound by the result reached . . . ."

*Spreitzer v. State*, 155 Neb. 70, 76, 50 N.W.2d 516, 522 (1951), quoting 53 Am. Jur. *Trial* § 1031 (1945).

■ Anis argues that the jury's questions during deliberations raise a reasonable inference that the jury agreed on a quotient process to determine the outcome of the trial. The burden of establishing prejudice rests on the party claiming jury misconduct. See *In re Petition of Omaha Pub. Power Dist., supra.* While we could infer the existence of an agreement to be bound by a quotient process from the final question of the set of questions submitted by the jury during deliberations, it is equally possible to infer that the jury reread the instructions as advised by the court and did not agree to be bound by a quotient verdict. As such, Anis has not sustained his burden of proof. See *Richardson v. Ames Avenue Corp.*, 247 Neb. 128, 525 N.W.2d 212 (1995) (where inferences are deducible from facts presented, which inferences are opposed to each other but equally consistent with facts proved, plaintiffs do not sustain their position by reliance alone on inferences which would entitle them to recover).

■ The same can be said of Anis' argument that the "odd numbers" of the verdict prove that the verdict was based on a prior agreement to adhere to a quotient process. Brief for appellant at 11. Even if we were to make the unlikely inference that the jury's assessment of comparative fault demonstrates an agreement to be bound by a quotient verdict, the facts lend equal—if not greater—support to the inference that the jurors assessed fault after thoughtful deliberation and unanimous agreement. It is presumed a jury followed the instructions given in arriving at its verdict, and unless it affirmatively appears to the contrary, it cannot be said that such instructions were disregarded. *Kvamme v. State Farm Mut. Auto. Ins. Co.*, 267 Neb. 703, 677 N.W.2d 122 (2004). We cannot find the required affirmative showing merely from an inference which is no stronger than the opposing inference.

Moreover, Anis did not object to the court's response to the jury's questions. Indeed, the argument on the motion for new trial suggests that Anis' counsel had approved of the court's answers to the jury's questions. Also, recalling that the moving party bears

the burden of establishing prejudice from the alleged misconduct, we observe that all of the examples of allocations of Anis' negligence provided in the jury question—60, 50, and 70 percent, respectively—were numbers greater than or equal to the percentage of negligence sufficient to bar Anis' claim. See Neb. Rev. Stat. § 25-21,185.09 (Reissue 1995). We conclude that Anis did not satisfy his burden of proving by clear and convincing evidence that prejudice occurred, and therefore, we conclude that the trial court did not abuse its discretion in overruling Anis' motion for new trial.

*Independent Evaluation and Specific Findings.*

■ Anis contends that the trial court abused its discretion in overruling Anis' motion for new trial without conducting any independent evaluation of all the circumstances of the case and without making specific findings for review based upon that evaluation. In *Hunt v. Methodist Hosp.*, 240 Neb. 838, 849, 485 N.W.2d 737, 744-45 (1992), the Nebraska Supreme Court set forth the trial court's duties in determining whether jury misconduct has occurred as follows:

> "When an allegation of misconduct is made, and is supported by a showing which tends to prove that serious misconduct occurred, the trial court should conduct an evidentiary hearing to determine whether the alleged misconduct actually occurred. If it occurred, the trial court must then determine whether it was prejudicial to the extent the defendant was denied a fair trial. If the trial court determines that the misconduct did not occur, or that it was not prejudicial, adequate findings should be made so that the determination may be reviewed."

Quoting *State v. Steinmark*, 201 Neb. 200, 266 N.W.2d 751 (1978). The *Hunt* court concluded: "Thus, a judge must conduct an evidentiary hearing to determine whether a party was denied a fair trial; in any event, should the court conclude that no misconduct or prejudice occurred, it must make adequate findings so that the ruling may be reviewed." 240 Neb. at 849, 485 N.W.2d at 745.

In the instant case, by providing Anis with the opportunity to present evidence upon his motion for new trial, the district court

provided the evidentiary hearing contemplated in *Hunt*. As discussed above, Anis did not support his allegations of jury misconduct with any evidence. He relies solely on the jury's questions to the trial court during deliberations. Despite having the opportunity to present evidence at the hearing on Anis' motion for new trial, Anis merely argued the motion.

On appeal to this court, Anis argues:

> As noted during the hearing on [Anis'] [m]otion for [n]ew [t]rial, after the jury question was submitted but before the verdict was read, counsel for [Anis] requested that the [t]rial [c]ourt poll the jurors to ensure that the verdict was proper, as it appeared, based upon the jury['s] question, that the jurors had agreed to render a quotient verdict.

Brief for appellant at 12. This argument fails for two reasons.

■ First, the bill of exceptions does not contain any of the proceedings between the close of the formal jury instruction conference and the return of the jury to the courtroom for the receipt of the jury's verdict. It is incumbent on the party appealing to present a record which supports the errors assigned, and absent such a record, the decision of the lower court will be affirmed. *Ondrak v. Matis*, 270 Neb. 46, 699 N.W.2d 367 (2005). Anis failed to include in the record his request for polling of the jury, and thus, the record does not support Anis' contention regarding the specific nature of that request.

Second, the record does show that the jury was polled in precisely the manner specified by Neb. Rev. Stat. § 25-1124 (Reissue 1995). What Anis seems to be suggesting, however, is that when polling the jury, the trial court had the obligation to go beyond the procedure specified by § 25-1124 and inquire into the basis for the jury's determination of the percentage of Anis' negligence. We reject Anis' contention that the trial court was required to make that inquiry, because it could not have done so without invading the province of the jury.

Neb. Rev. Stat. § 27-606(2) (Reissue 1995) provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from

the verdict or indictment or concerning his mental proc -
esses in connection therewith, except that a juror may tes-
tify on the question whether extraneous prejudicial infor-
mation was improperly brought to the jury's attention or
whether any outside influence was improperly brought to
bear upon any juror. Nor may his affidavit or evidence of
any statement by him indicating an effect of this kind be
received for these purposes.

In *Lambertus v. Buckley*, 206 Neb. 440, 293 N.W.2d 110 (1980),
the Nebraska Supreme Court affirmed the trial court's refusal to
admit jurors' affidavits stating that they had misunderstood and
misapplied the court's quotient verdict instruction. The court in
*Lambertus* explained that the jurors' understanding of the quo-
tient verdict instruction and details regarding the calculation of
damages inhered in the verdict and did not constitute extraneous,
prejudicial information.

 Anis also argues that he was prejudiced by the trial court's
failure to make specific findings in ruling upon Anis' motion for
new trial. Even assuming, without deciding, that the trial court
erred in not making specific findings, such error is harmless.
Under § 27-606(2), the lower court could have reviewed only the
written questions from the jury, and this court is in the same posi-
tion. Because we conclude that the jury's questions do not con-
stitute clear and convincing evidence of prejudice from jury mis-
conduct, the absence of specific findings did not prejudice Anis.
See *In-Line Suspension v. Weinberg & Weinberg*, 12 Neb. App.
908, 687 N.W.2d 418 (2004) (motion for new trial is to be
granted only when error prejudicial to rights of unsuccessful
party has occurred).

## CONCLUSION

For the foregoing reasons, we conclude that the trial court did
not abuse its discretion in overruling Anis' motion for new trial,
and we affirm.

AFFIRMED.

IRWIN, Judge, participating on briefs.