Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/12/2019 09:08 AM CDT

Charles Bridwell and Sylvia Bridwell, husband
and wife, appellees, v. Brett Walton
and Gary Walton, doing business as
Walton Contracting, appellants.

___ N.W.2d ___

Filed March 12, 2019.    No. A-17-1011.

1. **Pleadings: Appeal and Error.** Permission to amend a pleading is addressed to the discretion of the trial court, and an appellate court will not disturb the trial court's decision absent an abuse of discretion.
2. **Verdicts: Juries: Appeal and Error.** A jury verdict will not be set aside unless clearly wrong, and it is sufficient if any competent evidence is presented to the jury upon which it could find for the successful party.
3. **Motions for New Trial: Appeal and Error.** A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion.
4. **Appeal and Error.** To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error.
5. **Pleadings: Damages: Waiver.** Failure to mitigate damages is an affirmative defense which must be pled or it is waived.
6. **Motions to Dismiss: Directed Verdict.** A motion to dismiss for failure to prove a prima facie case should be treated as a motion for a directed verdict.
7. **Directed Verdict: Waiver: Appeal and Error.** A defendant who moves for a directed verdict at the close of the plaintiff's evidence and, upon the overruling of such motion, proceeds with trial and introduces evidence waives any error in the ruling on the motion for a directed verdict.
8. **Appeal and Error.** A trial court cannot err in failing to decide an issue not raised, and an appellate court will not consider an issue for the first time on appeal.

9. **Verdicts: Appeal and Error.** Passion or prejudice is shown when the verdict shocks the conscience.

10. **Damages: Remittitur.** Generally, where the damages awarded are greater than the amount claimed in the declaration, or, from the facts disclosed by the evidence, are clearly excessive, and the illegal portion is distinguishable from the legal, the defect may usually be remedied by a remittitur of the excess.

11. **Jurors: Verdicts.** A quotient verdict is one in which the jurors, for the purpose of arriving at a verdict, agree that each should write on his or her ballot a sum representing his or her judgment, that the aggregate should be divided by the number of jurors, and that the jurors will be bound by the quotient as their verdict.

12. ____: ____. It is the agreement by the jurors to be bound by the quotient which creates the invalidity of quotient verdicts; the process of arriving at a quotient is valid so long as there is no prior agreement to be bound by the result.

Appeal from the District Court for Nuckolls County: VICKY L. JOHNSON, Judge. Affirmed.

Robert M. Sullivan, of Sullivan Shoemaker, P.C., L.L.O., for appellants.

Benjamin H. Murray, of Murray Law, P.C., L.L.O., for appellees.

PIRTLE, BISHOP, and ARTERBURN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Brett Walton and Gary Walton, doing business as Walton Contracting (collectively appellants), appeal from a jury verdict entered in Nuckolls County District Court in favor of Charles Bridwell and Sylvia Bridwell (collectively appellees) for breach of contract regarding appellants' construction of an addition to appellees' home. Appellants also appeal the jury verdict rejecting their counterclaim for unpaid work. Appellants allege that the district court erred in denying their motion to amend pleadings, in failing to dismiss the case for failure to

demonstrate the standard of workmanlike manner, and in denying their motion for new trial and remittitur on the basis of an excessive and unsupported jury verdict. For the reasons that follow, we affirm.

## BACKGROUND

Appellees own a home in Superior, Nebraska. In 2013, they decided to have an addition to the home constructed. To this end, they contacted appellants in order to get an estimate of what such an addition would cost. Gary came to the home and examined the work to be done, including removal of the existing garage and construction of the new addition. Gary later provided a bid to appellees in the amount of $32,182.21 for labor and materials, which bid appellees accepted.

The work began in late September 2013 and included the removal of the existing garage and excavation and grading of some of the yard. The foundation was laid in October, along with the framing and the roof. Installation of windows and doors, as well as additional framing took place in November. In December, appellees met with Gary and Brett to expand the contract to cover finishing the interior of the addition, bringing the total bid to $63,207.46. Sheetrock was installed on the interior from December through March 2014.

Charles had noticed and pointed out to appellants what he believed to be defects over the course of construction, including problems with the concrete, size of the crawlspace, windows, size of the doors, the way sheetrock was hung, a dip in the roof, and the way the roof was completed. Appellees provided a "punch list" to appellants in March 2014 listing the various issues they had with the project, which list was signed by both parties. Throughout March and April, work continued on the addition. Work was stopped during the month of May because appellees were out of state. On June 3, appellants returned to work and Charles had a conversation with Gary. While the parties dispute what was said during that conversation, it is undisputed that following the conversation, appellants

packed up their tools and left the worksite. Appellees had paid appellants $50,400 of the $63,207.46 total contract amount over the course of the construction.

Appellees brought the present action for breach of contract based on the failure to construct the addition in a workmanlike manner, and appellants filed an answer and counterclaim for unpaid work. A jury trial took place from April 25 to 27, 2017, at the conclusion of which the jury returned a verdict in favor of appellees in the amount of $40,000. The jury also found in favor of appellees on appellants' counterclaim. Appellants subsequently filed a motion for new trial and a motion for remittitur, which the district court denied.

## ASSIGNMENTS OF ERROR

Appellants assign the district court erred in (1) denying their motion to amend the pleadings to conform to the evidence, (2) failing to dismiss the case for failure to demonstrate the standard of workmanlike manner, and (3) denying their motions for new trial and remittitur on the basis that the jury's verdict was excessive and unsupported.

## STANDARD OF REVIEW

[1] Permission to amend a pleading is addressed to the discretion of the trial court, and an appellate court will not disturb the trial court's decision absent an abuse of discretion. *United Gen. Title Ins. Co. v. Malone*, 289 Neb. 1006, 858 N.W.2d 196 (2015).

[2] A jury verdict will not be set aside unless clearly wrong, and it is sufficient if any competent evidence is presented to the jury upon which it could find for the successful party. *Smith v. Colorado Organ Recovery Sys.*, 269 Neb. 578, 694 N.W.2d 610 (2005).

[3] A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. *Id.*

## ANALYSIS

*Motion to Amend Pleadings*
*to Conform to Evidence.*

Appellants made a motion to amend the pleadings to conform to the evidence in order to include an affirmative defense of failure to mitigate damages on the basis that the issue of mold and water damage had not been pled, but had been implicitly tried. At trial, it was revealed, based upon photographs of the property, that water was infiltrating the structure. On cross-examination, appellants asked Charles what materials would be required to complete the project, assuming construction had been acceptable to the point appellants left the job, to which he responded that he was not sure, as there could be mold in the walls. Appellants did not object to this mention of mold and then further pressed Charles, asking about water damage inside and outside the walls and whether he had done anything about it.

The next mention of mold was from the testimony of an independent contractor, Randy Schultz. Schultz is a cousin of Charles, but was called by appellants to provide his estimate for completing the project. On cross-examination, Schultz was asked if his estimate would change if water had infiltrated behind the walls. It was at this point that appellants objected to the testimony of water infiltration. The objection was overruled. Schultz stated that if water had infiltrated behind the walls, his opinion would change because that damage, and the possibility of issues with mold, would require that the whole addition be demolished. On redirect, appellants questioned Schultz regarding his experience in mold remediation, which he had none, and whether he had performed testing on the walls for mold, which he had not. Appellants raised their motion to amend the pleadings to conform to the evidence after this testimony. The district court rejected this motion, finding that "this is not a Motion to Amend to conform to the evidence," but, rather, "a motion to raise an affirmative defense" and that the defense had been waived.

[4] As a preliminary matter, appellants argue in their brief that the testimony by Schultz regarding water infiltration and testimony regarding potential mold was speculative and prejudicial and that thus, the district court erred in allowing this evidence in over objection. However, appellants did not specifically assign this alleged error. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Chafin v. Wisconsin Province Society of Jesus*, 301 Neb. 94, 917 N.W.2d 821 (2018). As such, we will not consider this issue of Schultz' testimony.

[5] Regarding the motion to amend the pleadings, failure to mitigate damages is an affirmative defense which must be pled or it is waived. See *Maricle v. Spiegel*, 213 Neb. 223, 329 N.W.2d 80 (1983). Because appellants did not plead failure to mitigate damages, they have waived the defense. See Neb. Ct. R. Pldg. § 6-1108(c) (parties shall "set forth affirmatively" their affirmative defenses). See, also, *Estermann v. Bose*, 296 Neb. 228, 892 N.W.2d 857 (2017) (because Nebraska's pleading rules are modeled after federal rules, Nebraska looks to federal decisions for guidance); 61A Am. Jur. 2d *Pleading* § 322 (2018) (as general principle under Fed. R. Civ. P. 8(c), affirmative defenses must be pled specifically in first responsive pleading or it is deemed waived). While appellants allege that the defense was brought out through testimony, we concur with the district court that there was not sufficient evidence adduced at trial to justify amending the pleadings to conform to the evidence. There was nothing in the pleadings regarding mold or water infiltration, and no damages were requested based on water infiltration or remediation of mold. The initial mention of mold was made during appellants' cross-examination of Charles, to which appellants did not object or make a motion to strike, followed by additional questions on water infiltration. Therefore, we find no merit to this assigned error.

*Failure to Dismiss Due to Lack of*
*Evidence of Workmanlike Manner.*

Appellants allege that appellees failed to demonstrate what the standard of workmanlike manner was and, thus, could not prove that appellants' work fell below that standard, requiring the district court to dismiss the case. At trial, appellants made a motion to dismiss at the end of appellees' evidence based on an alleged failure to demonstrate the standard of workmanlike manner. The motion was denied.

[6,7] Nebraska has uniformly held that a motion to dismiss for failure to prove a prima facie case should be treated as a motion for a directed verdict. *Palmtag v. Gartner Constr. Co.*, 245 Neb. 405, 513 N.W.2d 495 (1994). A defendant who moves for a directed verdict at the close of the plaintiff's evidence and, upon the overruling of such motion, proceeds with trial and introduces evidence waives any error in the ruling on the motion for a directed verdict. *Id.* Because appellants proceeded to adduce further evidence after the district court overruled the motion, they have waived any error as to that motion.

[8] In addition, appellants failed to renew their motion for directed verdict at the close of all evidence, raising again the issue of appellees' failing to meet their burden of proof. The motion for new trial did not raise the issue either. A trial court cannot err in failing to decide an issue not raised, and we will not consider an issue for the first time on appeal. *Vande Guchte v. Kort*, 13 Neb. App. 875, 703 N.W.2d 611 (2005). As such, this assigned error fails.

*Jury Award and Motions for*
*New Trial and Remittitur.*

Appellants' third, fourth, and fifth assignments of error, that the jury's award was excessive and unsupported, are consolidated and addressed together. These issues were raised within the motions for new trial and remittitur.

[9] Appellants' first challenge is that the verdict was given under the influence of passion or prejudice, in violation of Neb. Rev. Stat. § 25-1142(4) (Reissue 2016). This is primarily couched around two arguments: first, that the verdict was based on the premise that the entire addition needed to be demolished, and second, that the possibility of mold had been raised. Passion or prejudice is shown when the verdict shocks the conscience. *Crewdson v. Burlington Northern RR. Co.*, 234 Neb. 631, 452 N.W.2d 270 (1990).

Two contractors were called to testify regarding the cost to remedy any defects. Lathan McLaughlin estimated that it would cost $120,014.71 to demolish the addition to the foundation and complete construction. McLaughlin did note that some of the costs he included in his estimate were not included in the original contract or were materials that had already been purchased by appellees. Schultz also testified on this issue, estimating that it would cost $99,400 to demolish the addition to the foundation and complete construction. While both contractors testified that they thought the best approach would be to tear down the current addition and rebuild, they each conceded that many of the issues could be resolved without completely demolishing the addition. They each also testified as to what individual repairs on various items would cost if demolition were determined to not be necessary. The jury ultimately awarded appellees $40,000.

We cannot say in this case that the verdict shocks the conscience. The verdict is significantly less than what appellees requested as relief and is less than either of the bids that were offered for remedial work on the addition. The relatively few mentions of mold in the testimony were brief, and the recommendation of Schultz was that if there were mold, then the entire addition would need to be demolished. Given that the jury's verdict was less than the bids which were based on the demolition of the addition to the foundation, it is clear that they were not influenced by the mere suggestion of mold. As such,

the district court did not err in denying the motion for a new trial on this issue.

[10] Appellants next allege that the jury's award was excessive given the facts revealed during trial. This is based on appellants' examination of each of the contractors where they walked through many of the issues with the addition and asked them how much it would cost to fix individual issues. Appellants allege that the totals were $12,300 from McLaughlin and $9,700 from Schultz. However, these totals assume only some of the remediation would be carried out, and some items were not included in this total. Generally, where the damages awarded are greater than the amount claimed in the declaration, or, from the facts disclosed by the evidence, are clearly excessive, and the illegal portion is distinguishable from the legal, the defect may usually be remedied by a remittitur of the excess. *Barbour v. Jenson Commercial Distributing Co.*, 212 Neb. 512, 323 N.W.2d 824 (1982). The verdict is not in excess of the requested damages by appellees, and such amount is well within the estimated bids of the contractors. Therefore, we find that the verdict is not excessive and that thus, the district court properly denied the motion for new trial and remittitur on this basis.

[11,12] Finally, appellants object to the jury's verdict on the basis that it is not supported by the evidence, in violation of § 25-1142(6), or was a quotient verdict, contrary to NJI2d Civ. 4.02. We have already addressed the issue of the evidence supporting the verdict and found there to be sufficient evidence to support the jury's verdict. A quotient verdict is one in which the jurors, for the purpose of arriving at a verdict, agree that each should write on his or her ballot a sum representing his or her judgment, that the aggregate should be divided by the number of jurors, and that the jurors will be bound by the quotient as their verdict. *Anis v. BryanLGH Health System*, 14 Neb. App. 372, 707 N.W.2d 60 (2005). It is the agreement by the jurors to be bound by the quotient which creates the

invalidity of quotient verdicts; the process of arriving at a quotient is valid so long as there is no prior agreement to be bound by the result. See *id.* Appellants do not point to any evidence in the record which would suggest that the jury used a quotient verdict process or that it was the result of an agreement to be bound by the quotient verdict prior to finding the average. Accordingly, this argument is without merit and the district court did not abuse its discretion in denying the motion for new trial on this basis.

## CONCLUSION

We conclude that the district court did not abuse its discretion in denying appellants' motion to amend to conform to the pleadings and did not abuse its discretion in denying the motion for new trial and remittitur. The jury's verdict and order of the district court is affirmed.

Affirmed.