IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

TIGERPAW SOFTWARE V. CHERRY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

TIGERPAW SOFTWARE, INC., A NEBRASKA CORPORATION, APPELLEE,

V.

JUSTIN R. CHERRY, AN INDIVIDUAL, ET AL., APPELLANTS.

Filed April 27, 2021.    No. A-20-708.

Appeal from the District Court for Sarpy County: GEORGE A. THOMPSON, Judge. Affirmed.

Benjamin E. Maxell, of Govier, Katskee, Suing & Maxell, P.C., L.L.O., for appellants.

Daniel J. Fischer, John V. Matson, and Quinn R. Eaton, of Koley Jessen, P.C., L.L.O., for appellee.

RIEDMANN, ARTERBURN, and WELCH, Judges.

ARTERBURN, Judge.

## INTRODUCTION

As a discovery sanction, the district court for Sarpy County entered a default judgment in favor of Tigerpaw Software, Inc., and against Justin R. Cherry, Jaxon-Raye Enterprise Advisors, LLC, and Leverage Systems, LLC (collectively appellants). The court awarded Tigerpaw Software $555,000 in compensatory damages and more than $70,000 in attorney fees. The court also entered a permanent injunction prohibiting appellants from using Tigerpaw Software's tradename, design marks, and protected software, and ordering them to stop claiming any affiliation with Tigerpaw Software. Appellants appeal from the district court's order. For the reasons set forth herein, we affirm the decision of the district court in its entirety.

BACKGROUND

At the outset, we must note that the record presented to this court on appeal consists solely of Tigerpaw Software's 48-page complaint (including attachments) and its 141-page June 2020 motion for sanctions and default judgment (including attachments), in addition to the district court's order granting the motion for sanctions and default judgment. Our recitation of the factual background for this case is collected from the pleadings provided (excluding the attachments) and the order of the court.

Tigerpaw Software, which began in 1984, is in the business of designing and licensing customer relationship management (CRM) and business automation software, which allows its customers to streamline how they deliver goods and services to their respective customers, as well as managing the relationships with those customers. Cherry worked as a sales representative for Tigerpaw Software from December 2004 through November 2009. Upon his leaving Tigerpaw Software, Cherry started two companies, Jaxon-Raye Enterprise Advisors, LLC, and Leverage Systems, LLC. Jaxon-Raye advertises a number of computer consulting services, including "Tigerpaw Consulting." Leverage Systems advertises CRM software it calls "Leverage CRM." Cherry describes himself as the creator of Leverage CRM. In a prior litigation between Cherry and Tigerpaw Software, Cherry apparently admitted that he had acquired a copy of the source code for Tigerpaw's CRM software. Tigerpaw Software believes that Leverage CRM is almost identical to its CRM software. In addition, Tigerpaw Software has discovered indications that appellants are using Tigerpaw's trade name and trademark in order to obtain its customer base. As such, Tigerpaw Software initiated this lawsuit against appellants.

Tigerpaw Software filed its complaint on January 19, 2018. In the complaint, it alleges eight different causes of action against appellants, including (1) false association and trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (2) false advertising, also pursuant to the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (3) violations of Nebraska's Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301 et seq. (Reissue 2014 & Cum. Supp. 2020); (4) misappropriation of source code pursuant to Nebraska's Trade Secrets Act, Neb. Rev. Stat. §§ 87-501 et seq. (Reissue 2014); (5) violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4); (6) tortious interference with actual and prospective business relationships and contracts; (7) civil conspiracy; and (8) unjust enrichment. In the complaint, Tigerpaw Software asked that it be awarded compensatory damages, injunctive relief, and attorney fees.

Although the next document which appears in our transcript is Tigerpaw Software's motion for sanctions and default judgment which is dated in June 2020, 2½ years after its complaint, our reading of that motion and the district court's subsequent order reveals some of what transpired during the 2½ years between the filing of Tigerpaw Software's complaint and the filing of its June 2020 motion for sanctions and default judgment.

The district court's order details discovery problems which have plagued the case since shortly after the complaint was filed. Tigerpaw Software apparently first served appellants with interrogatories and document requests on May 3, 2018. According to the district court's order, by the time of Tigerpaw Software's June 2020 motion for sanctions and default judgment, appellants had still not fully complied with Tigerpaw Software's discovery requests. The district court explained:

This case has involved approximately 13 motions by Tigerpaw to obtain discovery from [appellants]. The Court has held no less than 11 hearings on discovery matters, and it has issued no less than 6 discovery orders as well as directives from the bench on the record in open court. Yet as of the date of this Order, [appellants] have failed to comply with the orders of this Court to provide discovery that Cherry, as records custodian of [appellants], testified actually do exist and have not been produced.

The Court has issued multiple orders requiring the production of such discovery, and yet [appellants] have failed and refused to comply with those orders. [Appellants] have also failed to comply with this Court's October 10[, 2019] order requiring payment of $17,698.50 to Tigerpaw as sanctions for a small portion of the attorney fees Tigerpaw has expended in trying to obtain discovery from [appellants].

Despite agreed upon extensions, several hearings, a records custodian deposition, clarifications of what was still owed/sought, and several orders and directives by this Court as to what must be produced, [appellants] still have failed to produce discovery or pay the partial attorney fees discovery sanction, in compliance with this Court's orders.

It appears that Tigerpaw Software first requested that the district court enter default judgment against appellants in April 2019. The district court denied the request, allowing appellants more time to comply with discovery. Tigerpaw Software filed its second request for default judgment in August 2019. The district court again denied the request, extending the time for appellants to comply with the court-ordered discovery requests. Tigerpaw Software filed its third request for default judgment in October 2019. The district court denied the request, but indicated it would consider granting the request if appellants did not comply with all discovery requests. Tigerpaw Software filed its fourth motion requesting a default judgment in June 2020. This motion was ultimately granted by the district court and is the subject of this appeal.

In the June 2020 motion for default judgment, Tigerpaw Software requested that the district enter

a ruling that [appellants'] discovery failures and abuses should be and are hereby sanctioned by default judgment on all claims to which the overdue and unproduced discovery relates, granting all relief sought in the complaint on such claims; for an order requiring [appellants] to pay immediately jointly and severally to Tigerpaw the attorneys' fees previously awarded by the Court; for an order requiring [appellants] to pay Tigerpaw additional attorney fees incurred as a result of [appellants'] continued discovery abuses; for an order awarding damages for use of Tigerpaw's programming code; for an order enjoining any further use [by appellants of Leverage CRM software]; and for such other, different and further relief as to this Court seems just and reasonable.

After a hearing on July 10, 2020, where "[e]vidence was submitted and arguments were taken[,]" the district court granted Tigerpaw Software's motion for default judgment and sanctions. The court found that a default judgment against appellants was warranted as a result of their failure to comply with multiple court orders requiring them to submit responses to Tigerpaw Software's discovery requests. The court explained:

The Court finds in its discretion that default judgment against [appellants], jointly and severally, is warranted here. . . . [Appellants] have failed to provide responsive discovery, discovery which Cherry admitted under oath exists. [Appellants] have further failed to even conduct specific, relevant discovery searches, which Cherry admitted in deposition that [appellants] did not perform. These failures are despite several Court orders for [appellants] to produce these documents and conduct these searches.

The district court proceeded to examine evidence offered by the parties regarding the amount of damages owed to Tigerpaw Software. Based on its analysis of such evidence which included admissions made by Cherry, the deposition of Cherry as records custodian for his two companies, and a voicemail Cherry left with a Tigerpaw Software customer soliciting the customer to leave Tigerpaw Software and use Leverage CRM, the district court ordered appellants to pay $555,000 in damages to Tigerpaw Software. We note that none of this evidence has been included in the record provided to this court. In fact, no record from the July 10, 2020, hearing was requested or presented as a part of this appeal.

The district court also ordered appellants to pay $70,204 in attorney fees. This amount was in addition to the $17,698.50 in attorney fees appellants were previously ordered to pay to Tigerpaw Software as a result of discovery violations. The court found that such an award of attorney fees was permitted by Neb. Ct. R. Disc. § 6-337 and was supported by affidavits of Tigerpaw Software's counsel which were offered into evidence at the July 10, 2020, hearing.

Finally, the court permanently enjoined appellants from any competitive use of Tigerpaw Software's trademarks, tradenames, or design marks; from any use of or claim to be a "Tigerpaw Consultant;" and from any further use of the Leverage CRM software.

Appellants appeal from the district court's entry of default judgment against them and from the court's additional sanctions entered as a result of the default judgment.

## ASSIGNMENTS OF ERROR

In their brief on appeal, appellants assign and argue that the district court erred in its award of damages and attorney fees to Tigerpaw Software.

Appellants also assign as error, but do not argue, that the district court erred in granting Tigerpaw Software's motion for default judgment and sanctions. Appellants argue, but do not assign as error, that the district court erred in awarding Tigerpaw Software damages without first holding a separate evidentiary hearing. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Diamond v. State*, 302 Neb. 892, 926 N.W.2d 71 (2019). Because appellants failed to both assign and argue their assertions regarding the district court's granting of the motion for default judgment and its awarding damages without conducting a separate evidentiary hearing, we do not address these assertions.

## STANDARD OF REVIEW

The determination of an appropriate discovery sanction rests within the discretion of the trial court, and an appellate court will not disturb it absent an abuse of discretion. *Charles Sargent Irr. v. Pohlmeier*, 27 Neb. App. 229, 929 N.W.2d 527 (2019). A judicial abuse of discretion exists

when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Hill v. Tevogt*, 293 Neb. 429, 879 N.W.2d 369 (2016).

ANALYSIS

DAMAGES

In their brief on appeal, appellants assign as error and argue that the district court erred in awarding Tigerpaw Software $555,000 in damages because Tigerpaw Software failed to sufficiently prove the amount of damages it incurred as a result of appellants' actions and because the district court failed to consider whether Tigerpaw Software adequately attempted to mitigate its damages. Because we have not been provided with a record of the evidence offered at the July 2020 hearing regarding the amount of damages incurred by Tigerpaw Software, we must affirm the district court's award of $555,000 to Tigerpaw Software.

It is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *Ginger Cove Common Area Co. v. Wiekhorst*, 296 Neb. 416, 893 N.W.2d 467 (2017). Appellants failed to file a praecipe for a bill of exceptions. As such, no bill of exceptions was prepared. Without a bill of exceptions, we are unable to review the transcription of what took place at the July 2020 hearing and are further unable to review any evidence received at that hearing.

It is clear from the district court's order that at the hearing, evidence was offered and received from both parties. Some of this evidence demonstrated the amount of damages incurred by Tigerpaw Software as a result of appellants' actions. In fact, the district court explained in the order:

Here, the Court conducted a hearing (on July 10, 2020) in which evidence of damages on Tigerpaw's default judgment was offered and received. [Appellants] raised no objection that Tigerpaw failed to serve such evidence on [appellants] sufficiently in advance of the hearing. Indeed, [appellants] submitted their own evidence at the hearing in support of their arguments, though they chose to focus on evidence that did not dispute the amount of damages sought by Tigerpaw. Furthermore, the amount of compensatory damages sought by Tigerpaw at the hearing was based on testimony from Cherry in the records custodian deposition[.]

Without being able to review any of the evidence which was received by the district court at the July 2020 hearing, it is impossible for us to review the district court's damages award.

Moreover, as to appellants' assertion that the court failed to consider whether Tigerpaw Software mitigated its damages, we note that mitigation of damages is an affirmative defense which must be raised in a party's responsive pleading. See *Bridwell v. Walton*, 27 Neb. App. 1, 925 N.W.2d 94 (2019) (failure to mitigate damages is affirmative defense which must be pled or it is waived). Appellants failed to request that their answer to Tigerpaw Software's complaint be included in our transcript. As such, there is nothing in our record to demonstrate that appellants raised the mitigation of damages as an affirmative defense.

Because appellants failed to provide a record to support their assertion that the district court erred in its award of damages to Tigerpaw Software, we must affirm the decision of the district court in this regard.

ATTORNEY FEES

In their brief on appeal, appellants also assign as error and argue that the district court erred in awarding Tigerpaw Software attorney fees because such an award is not expressly allowed by any statutory authority. Simply stated, appellants' assertion is without any merit.

The district court awarded Tigerpaw Software $70,204 in attorney fees, in addition to the $17,698.50 in attorney fees previously awarded. These fees were awarded in order to compensate Tigerpaw Software for the "significant [and] reasonable attorney fees caused by [appellants'] repeated failures to comply with the Court's discovery orders." The district court had the authority to award attorney fees to Tigerpaw Software pursuant to Neb. Ct. R. Disc. § 6-337, commonly referred to as "Rule 37." Rule 37 dictates appropriate sanctions for discovery violations:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him or her from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

§ 6-337(b)(2). The rule also provides:

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or her, or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

§ 6-337(b)(2)(E).

Given that the district court's award was expressly authorized by Rule 37, appellants' argument that there was no statutory authority to support the award is without merit. For the sake of completeness, we note that the district court's order indicates that it awarded Tigerpaw Software $70,204 in attorney fees based upon the affidavits of counsel that were submitted into evidence at the July 2020 hearing. Because the evidence offered at the hearing is not presented in the record on appeal, we must affirm the amount of attorney fees awarded to Tigerpaw Software.

## CONCLUSION

Because appellants failed to present an adequate record for our review, we must affirm the district court's decision to award Tigerpaw Software $555,000 in damages. Furthermore, because the attorney fees awarded to Tigerpaw Software by the district court were expressly authorized by Rule 37, we find no merit to appellants' assertion that the district court lacked authority to award attorney fees.

AFFIRMED.